Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| David Paul Biesemeyer | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Municipality of Anchorage, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:23-cv-00185 SLG |

## MOTION TO DISMISS

COMES NOW, the Municipality of Anchorage, by and through the undersigned; and it prays the court to dismiss the aforecaptioned case pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

SUMMARY OF PLAINTIFF'S ALLEGED FACTS AND LEGAL THEORY

Plaintiff states that approximately thirty years ago, he bought real property that has been identified as Tax Parcel 016-112-10-00012 Freeman Lot 11 in Anchorage,

Alaska with a street address of 11500 Hawkins Ln, Anchorage, Alaska. Pl.'s Comp. ¶ 12. Such property herein referred to by Defendant as "Hawkins Ln."

He states that he failed to pay property tax on Hawkins Ln in the amount of $7,607.76 and that the Defendant foreclosed on that property for failure to pay taxes. *Id,* ¶¶ 12. A judgment and decree of foreclosure was entered on May 10, 2013 and a Clerk's Deed issued on November 14, 2014. *Id ¶¶* 18-21. He states that the Defendant sold the property by quitclaim deed to a third party, Wehr Family Trust DTD 2008 and Larry E Wehr, et al.. *Id* ¶ 22. He states that the municipality retained the windfall, i.e., the liquidated value above and beyond the taxes owed by the Plaintiff to the Municipality. *Id ¶* 27 He prays for the court to grant relief because the Defendant violated his rights under the takings clause of the U.S. Constitution, the guarantee of procedural due process, and excessive fines pursuant to *Tyler v. Hennenpin Cnty., Minnesota,* 598 U.S. 631 (2023).

## DISCUSSION

## STANDARD OF PLEADING

For the Plaintiff's complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the Plaintiff must plead facts in greater detail than notice pleading. The Plaintiff must plead a plausible case. Although "detailed factual allegations" are not required to withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (emphasis added) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 2 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 2 of 12

the defendant is liable for the misconduct alleged." *Id.* at 678. The facts plead in the Plaintiff's complaint are not enough to rebut a statute of limitations defense that is apparent on its face, nor are there sufficient facts plead to prove a violation of a federal constitutional right.

PLAINTIFF'S ALLEGED CLAIMS ARE TIME BARRED

The plaintiff invokes this honorable court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, federal question and civil rights claims, respectively. The Plaintiff's argument appears to relate the federal question jurisdiction to the deprivation of civil rights pursuant to the United States Constitution, rights which are enforceable as a cause of action against persons under 42 U.S.C. §§ 1983 and 1985. Both 42 U.S.C. §§ 1983 and 1985 lack a codified a specific statute of limitation and are deficient within the meaning of 42 U.S. Code § 1988(a). When federal statutes are deficient, relevant law of the forum state governs except when such law is inconsistent with federal or policy or discriminates against federal claims. *See* 42 U.S. Code § 1988(a). For these claims, the application of state law includes using the most analogous state codified statute of limitation based on the asserted violation of civil rights. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987).

The issue of the statute of limitations barring this action rests on what type of case is analogous to the claims stated in this case. The Plaintiff argues that this case is an action for which a limitation is not otherwise provided or that it involves real estate. The statutes of limitation for an action not otherwise provided with a statute of limitation, A.S. § 09.10.230 (2022), and real estate actions, A.S. § 09.10.100 are both ten years.

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 3 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 3 of 12

The Plaintiff is incorrect in his assertion. Alaska has stated that all 42 U.S.C. §1983 cases have a two year statute of limitations because such cases are torts. "In *Wilson* the court concluded that Congress would not have characterized § 1983 actions as analogous to state remedies for wrongs committed by public officials, rather, each state should adopt its personal injury statute of limitations. 471 U.S. at 279, 105 S.Ct. at 1948, 85 L.Ed.2d at 268. We are bound by that decision." *Jenkins v. Daniels*, 751 P.2d 19, 23-24 (Alaska 1988). "The § 1983 claim is time barred because AS 09.10.070(1) is the applicable statute of limitations for all § 1983 claims in Alaska, and *Wilson* requires us to use this two-year statute." *Id.* at 24.

In more detail, this case involves an alleged taking of the windfall of a tax foreclosure sale, not that the foreclosure was a constitutional violation itself. This analysis also ends with a two year statute of limitation. The main case the Plaintiff cites, *Tyler v. Hennepin Cnty., Minnesota*, illustrates the context of his claim. In *Tyler v. Hennepin Cnty., Minnesota,* 598 U.S. 631 (2023), the decision and litigation were not over the foreclosure itself. Instead, the litigation was over the taking of the windfall surplus from the foreclosure. In *Tyler v. Hennepin Cnty., Minnesota* the Appellant owed $15,000 in delinquent taxes and the Hennepin County sold the property for $40,000 and kept the $25,000 windfall without any procedure for Tyler to make a claim against the windfall. *Id* at 634. The claim was an unconstitutional taking of personal property, the liquidated windfall, not an unconstitutional taking of real property.

Alaska Statutes provides a statute of limitation for actions involving a wrongful taking of personal property in A.S. § 09.10.070, and such limitation is two (2) years. Both

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 4 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 4 of 12

the bright line rule in *Jenkins* and the analysis of the type of case based on facts of the tort, A.S. § 09.10.070 require this court to apply a two year statute of limitations under A.S. § 09.10.070.

Plaintiff's claims fail to state a claim upon which relief can be granted because on its face, its claim is barred by the statute of limitations. The Plaintiff states that the Clerk of Court executed a clerk's deed in favor of the Municipality of Anchorage on November 13, 2014 and that the taking and accrual starts on that date. This date is more than eight years ago, years past the two year limitation. However, the Plaintiff also tries to plead that the statute of limitations should not bar his claim due to tolling based on a mental disability, with the most concrete dates listed as being 2014-2016. Alaska courts have established the standard for tolling due to a mental incapacity: "The general test is whether a person could know or understand his legal rights sufficiently well to manage his personal affairs. It does not require a formal finding of incompetency by a court." *Adkins v. Nabors Alaska Drilling*, Inc., 609 P.2d 15, 23 (Alaska 1980). However, in evaluating tolling in the context of summary judgment, Alaska courts have stated that merely stating mental disabilities was not enough to raise a tolling bar to a statute of limitations defense: " '[c]ourts have interpreted liberally the type of mental condition that will toll a statute of limitations,' Richardson's descriptions of his mental disabilities were insufficient to show that he could produce evidence of an inability to understand his legal rights." *Richardson v. Municipality of Anchorage*, 360 P.3d 79, 88 (Alaska 2015). Because federal courts have a higher pleading standard than just notice pleadings, the Plaintiff should be required to plead more facts than a hollow assertion of "clinical death"

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 5 of 12
Case 3:23-cv-00185-SLG-KFR    Document 4    Filed 10/23/23    Page 5 of 12

to establish a plausible tolling claim, similar to how the Appellant in *Richardson* was required to plead specific facts to survive a motion for summary judgment. The Plaintiff has stated little to no facts to establish a claim of tolling under Alaska state law. Even if stating that the Defendant was mentally incapacitated from 2014-2016 was enough to toll the statute of limitations for two years, there is not a plausible claim to toll the statute of limitations to within two years of the date the Plaintiff filed his case this year. Therefore, this court should dismiss this case based on the statute of limitations.

PLAINTIFF FAILS TO ALLEGE A CONSTITUTIONAL VIOLATION

Under 42 U.S.C. § 1983, a Plaintiff may bring an action against a person who deprives another of a federal protected civil right under the color of law. The color of the law is not at issue here. The Defendant is considered a person under the statute and proceeded under the color of law following Alaska tax foreclosure statutes, A.S. § 29.45.010, et. seq.

What is disputed is if the Defendant deprived the Plaintiff of a federal constitutional right. As stated below, the Plaintiff was given procedural and substantive due process and was not a victim of an unlawful taking of his unclaimed surplus windfall from a tax foreclosure sale. Thus, this court should dismiss this case because the Plaintiff has not suffered a constitutional violation at the hands of the Defendant.

The Plaintiff states that because the Defendant retained the windfall of a tax foreclosure sale, the Defendant has violated the Plaintiff's constitutional rights by violating the Takings Clause of The United States Constitution, the guarantee of procedural due process, and imposing excessive fines and penalties.

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 6 of 12
Case 3:23-cv-00185-SLG-KFR    Document 4    Filed 10/23/23    Page 6 of 12

The Plaintiff relies on a misreading of the decision in *Tyler v. Hennepin Cnty., Minnesota,* 598 U.S. 631 (2023) to explain his claim. The facts, but not foreclosure procedures, in *Tyler v. Hennepin Cnty., Minnesota* are similar to this case. As stated above, Hennepin County, Minnesota, sold Geraldine Tyler's home for $40,000 to satisfy a $15,000 tax bill. Instead of returning the remaining $25,000, the County kept it for itself. *Id* at 634. The foreclosure process was unremarkable up to the sale to a third party. The tax debt was a real property tax upon which the property owner has one year to pay before the taxes become delinquent. *Id* at 635. Interest and penalties accrue and upon tax foreclosure, the county can obtain a judgment against the property and get limited title to the property, subject to a redemption period. *Id.* In this redemption period, a party can regain title by paying all late fees and taxes. *Id.* After the expiration of the redemption period, absolute title vests in the state and the property can be sold to a third party. *Id.* If there is a surplus, the property owner has no opportunity to recover the surplus. *Id.* The lack of opportunity to recover the surplus is where the violation of constitutional rights lies, as explained below.

The court held that the county had the power to sell and recover the unpaid property tax. *Id* at 639. However, the lack of a procedure to claim the excess windfall of the sale of the property to a third party renders the post-tax foreclosure procedure an unconstitutional taking, not the fact that there was not an automatic check written to the former owner. The court in *Tyler* distinguished its ruling from a ruling in a previous case, *Nelson v. City of New York.,* 352 U.S. 103 (1956) where the court upheld a foreclosure process in which the former owner forfeited his right to the surplus. In *Nelson,* the City of

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 7 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 7 of 12

New York foreclosed upon properties for unpaid water bills. *Id.* at 105. The codified procedural requirements were followed in the foreclosure; a redemption period followed; and one property was later sold to a third party. *Id* at 106. In *Nelson,* the parties make a claim, like in this case, that retaining the excess of the post-foreclosure sale is an unconstitutional taking. Yet, the court found for the City of New York finding that there was not a violation of due process or an unconstitutional taking because the former owners had an ability to make a claim to their property right in the court directed sale but did not do so. *Id* at 110-111.

The court made it clear that it was not overruling *Nelson*, but instead distinguishing *Tyler* from *Nelson* based on the lack of a procedure to claim the proceeds:

> [… ] [In *Nelson*] a property owner had almost two months after the city filed for foreclosure to pay off the tax debt, and an additional 20 days to ask for the surplus from any tax sale. *Id.*, at 104–105, n. 1, 77 S.Ct. 195. No property owner requested his surplus within the required time. The owners later sued the city, claiming that it had denied them due process and equal protection of the laws. *Id.*, at 109, 77 S.Ct. 195. In their reply brief before this Court, the owners also argued for the first time that they had been denied just compensation under the Takings Clause. *Ibid.*
> We rejected this belated argument. *Lawton* had suggested that withholding the surplus from a property owner always violated the Fifth Amendment, but there was no specific procedure there for recovering the surplus. *Nelson*, 352 U.S., at 110, 77 S.Ct. 195. New York City's ordinance, in comparison, permitted the owner to recover the surplus but required that the owner have "filed a timely answer in [the] foreclosure proceeding, asserting his property had a value substantially exceeding the tax due." *Ibid.* (citing *New York v. Chapman Docks Co.*, 1 App.Div.2d 895, 149 N.Y.S.2d 679 (1956)). Had the owners challenging the ordinance done so, "a separate sale" could have taken place "so that [they] might receive the surplus." 352 U.S., at 110, 77 S.Ct. 195. The owners did not take advantage of this procedure, so they forfeited their right to the surplus. Because the New York City ordinance did not "absolutely preclud[e] an owner from obtaining the surplus proceeds of a judicial sale," but instead simply defined the process through which the owner could claim the surplus, we found no Takings Clause violation. *Ibid.*

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 8 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 8 of 12

*Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. at 644.

After comparing *Tyler* and the previous case *Nelson,* the outcome of this case depends on the presence or lack thereof of a procedure to claim the surplus of a foreclosure sale. Alaska Statutes track similarly to Minnesota's foreclosure process as outlined in *Tyler v. Hennepin Cnty, Minnesota* up to the point of the sale of the property to a third party. The Defendant is allowed to tax real property pursuant to A.S. § 29.45.010 et. seq. and may charge interest and penalties pursuant to A.S. § 29.45.250. Like Hennepin County, the Defendant enforces tax collection by foreclosure pursuant to A.S. § 29.45.320. After a tax foreclosure, title vests in the Defendant, but there is a redemption period of one year during which a party may pay in full taxes, fees, and penalties and gain full title back from the Defendant. *See* A.S. § 29.45.400. Unredeemed properties' titles vest in full to the Defendant for its foreclosed properties. *See* A.S. § 29.45.450. The property may then be sold to a third party pursuant to A.S. § 29.45.460.

Unlike Minnesota statutes, Alaska statutes codified a procedure to claim the surplus of a tax foreclosure sale. The former property owner can claim the proceeds of a tax foreclosure sale under A.S. 29.45.480:

> (a) On sale of foreclosed real or personal property the municipality shall divide the proceeds less cost of collection, between the borough and the city having unpaid taxes against the property. The division is in proportion to the respective municipal taxes against the property at the time of foreclosure.
>
> (b) If tax-foreclosed real property that has been held by a municipality for less than 10 years after the close of the redemption period and never designated for a public purpose is sold at a tax-foreclosure sale, the former record owner is entitled to the portion of the proceeds of the sale that exceeds the amount of unpaid taxes, the amount equal to taxes that would

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 9 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 9 of 12

> have been assessed and levied after foreclosure if the property had
> continued in private ownership, penalty, interest, and costs to the
> municipality of foreclosing and selling the property, and costs to the
> municipality of maintaining and managing the property that exceed
> amounts received by the municipality for the use of the property. If the
> proceeds of the sale of tax-foreclosed property exceed the total of unpaid
> and delinquent taxes, penalty, interest, and costs, the municipality shall
> provide the former owner of the property written notice advising of the
> amount of the excess and the manner in which a claim for the balance of
> the proceeds may be submitted. Notice is sufficient under this subsection if
> mailed to the former record owner at the last address of record of the
> former record owner. On presentation of a proper claim, the municipality
> shall remit the excess to the former record owner. A claim for the excess
> filed after six months of the date of sale is forever barred.

Unlike in *Tyler v. Hennepin Cnty, Minnesota,* the Plaintiff is entitled to the portion of the proceeds of the sale that exceed the sum of the unpaid taxes, penalties, interests, and costs if a proper claim is made. The former property owner has six months from the sale of the property to make a valid claim. It is this entitlement to the surplus upon submitting a valid claim to the municipality pursuant to statute that protects the Plaintiff from a constitutional taking pursuant to *Tyler v. Hennepin Cnty.* Because there exists a procedure to make a claim in Alaska law, there is not an unconstitutional taking under the rationale in *Tyler v. Hennepin Cnty*. Instead, a foreclosure framework with a procedure to claim the surplus windfall similar to the upheld procedure in *Nelson* is implemented in Alaska. The situation in this case is the same as in *Nelson* and best summarized in *Tyler,* *"*The owners did not take advantage of this procedure, so they forfeited their right to the surplus." *Tyler v. Hennepin Cnty., Minnesota,* 598 U.S. at 644.

The Plaintiff has not plausibly stated how a properly implemented foreclosure proceeding, with a procedure to claim an excess windfall, is an excessive fine. Instead,

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 10 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 10 of 12

courts have upheld such foreclosure proceedings. Therefore, the Plaintiff's action to liability for excessive fines must fail.

Finally, the Plaintiff makes the argument that a six-month window in which to make a claim for the excess windfall surplus violates his rights to procedural due process. This claim must also fail. As quoted in *Tyler,* the court allowed the foreclosure process in *Nelson* to stand despite it having a vastly shorter time frame to make a claim. In *Nelson*, the parties did not have six months to make a claim for excess proceeds. Instead as stated above, the parties only had twenty days after the sale to make a claim, and the court upheld such a procedure. The Defendant may find the six month period after a sale to be a short time period, but that does not make it a violation of procedural due process.

WHEREFORE, the Defendant prays the court to:

1. DISMISS the Plaintiff's complaint, and
2. Any other necessary and just relief.

Respectfully submitted this 23rd day of October, 2023.

          ANNE R. HELZER
          Municipal Attorney

          By:   /s Jason A. Thomas
                Jason A. Thomas
                Municipal Attorney's Office
                P.O. Box 196650
                Anchorage, Alaska 99519-6650
                Phone: (907) 343-4545
                Fax: (907) 343-4550
                E-mail: uslit@muni.org
                Alaska Bar No. 2005028

Certificate of Service
The undersigned hereby certifies that on 10/23/2023, a true and correct copy of the foregoing was served on:

David Biesemeyer
7650 E. Jim Cottrell
Palmer, AK  99645
davebiesemeyer@hotmail.com


by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s *Jason A. Thomas*
Jason A. Thomas, Assistant Municipal Attorney
Municipal Attorney's Office

Motion to Dismiss
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 12 of 12
Case 3:23-cv-00185-SLG-KFR   Document 4   Filed 10/23/23   Page 12 of 12