**David Paul Biesemeyer**
7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com
Pro Se


RECEIVED
NOV 03 2023
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

DAVID PAUL BIESEMEYER

    Plaintiff

v.

THE MUNICIPALITY OF
ANCHORAGE, ALASKA

    Defendant

Case No. 3:23-CV-00185 SLG

JURY TRIAL DEMANDED

## PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, David Paul Biesemeyer, and files this Opposition and Response to the Defendant Municipality of Anchorage's Motion to Dismiss ("Defendant" "Municipality" or "Anchorage"):

## I. INTRODUCTION

The facts of this matter are shocking to the conscious. It is a fact pattern for which a reasonable person would exclaim 'outrageous'. It is a wrong perpetuated against a vulnerable citizen by his completely unfeeling government: A $500k+ value home is sold for $250K on account of $7k in assessed taxes; the tax assessor foreclosed on the taxes it assessed, sold the

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

1

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 1 of 14

property for half the market value in an auction that it conducted, and it kept all the proceeds of the sale - which amounted to approximately 3,247% more than it was entitled on assessments and fees.

In the Motion to Dismiss that the Defendant filed in response to the Plaintiff's Complaint, the Municipality freely acknowledges the taking (theft) but it does not offer to make the Plaintiff whole as it is commanded to do by the US Constitution; instead, it presents condescendingly elucidate reasons why it is certain the Court is going to allow it to keep the windfall.

## II. SUMMARY OF ARGUMENT

Plaintiff's Opposition the Defendant's Motion is set out hereunder and it humbly seeks to show the Court why granting the Defendant's Motion would be an abuse of discretion and/or legal error. It will set out why Defendant's statute of limitation issues are not ripe. It will posit a number of theories that authorize continuing Plaintiff's action to a decision on the merits, and it will point out how Plaintiff's complaint does state a plausible claim for relief sufficient to withstand challenge. The Plaintiff's opposition will conclude with the contention that for the court to sanction the Defendant's conduct and grant the Motion would not provide good optics in a time of documented overreach on the part of government - this one in particular - and increase discontent among those citizens negatively affected by such overreach.

## III. ARGUMENT AND CITATION OF AUTHORITY

### STANDARD OF PLEADING

Per the prevailing literature, for the complaint to withstand a motion to dismiss for failure to state a claim upon which relief might be granted, it is inherent that the Plaintiff makes factual

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

2

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 2 of 14

allegations that are sufficiently plausible (Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). This the Plaintiff has accomplished.

The Plaintiff has maintained allegations with sufficient detail, demonstrating factual contexts that allow this honorable Court to infer reasonable conclusions that the Defendant may be responsible for the alleged misconduct. Therefore, the Plaintiff has met his burden at this stage in the proceedings, and the Defendant's Motion should be denied.

## ISSUES OF WHETHER THIS ACTION IS TIME BARRED ARE NOT RIPE

Usually, the court decides whether a claim is time-barred on a summary judgment motion. However, a defendant, as here, may bring a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted or a Rule 12(c) motion for judgment on the pleadings if, as here, said motion[1] alleges the complaint gives an accrual date outside the limitations period. See James Wm. Moore, 2A MOORE's FEDERAL PRACTICE § 12.10 (2d ed. 1992). If the court cannot determine whether the statute of limitations has run from the face of the pleadings, as here, it may convert a Rule 12(b)(6) or 12(c) motion to a summary judgment motion. FED. R. Civ. P. 12(b),(c). Doing that, of course, results in the denial of the Motion on time barred grounds at this stage of the proceedings. For the reasons that follow, Plaintiff argues that such a tactic would be the most appropriate here as the issue is not yet ripe.[2]

First and foremost, statutes of limitations are commonly suspended during the plaintiff's incapacity, and here Plaintiff's complaint has alleged such incapacity. The evidence at trial

---

[1] To be clear - It is the Defendant's Motion that alleges an accrual date outside of A limitations period, not THE limitations period that would actually apply, any tolling notwithstanding.

[2] Plaintiff stands by the statements in the Complaint regarding the statute of limitations being 10 years for the reasons that he sets out therein; however, the arguments contained herein are in addition to and concurrent with any allegations therein. Ultimately, the statute of limitations for pursuing this action have not expired, and there are a number of legal reasons and equitable principles that would support such a finding. Plaintiff requests that the Court adopt whichever one or more best suits its sound reasoning for denying the Defendant's motion.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

3

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 3 of 14

could certainly show that the Plaintiff was incapacitated even longer than alleged in the complaint, just as it could show a lesser period. Regardless, the pleadings here allege incapacity. If the allegations of such incapacity are insufficient to withstand the Defendant's motion, the proper remedy here would be leave to amend to allege a longer period of incapacity or a more amorphous period that would comport more specifically to the expected evidence; it would not be dismissal with prejudice at this stage.

## THERE ARE EQUITABLE FACTORS THAT COUNSEL AGAINST DISMISSAL

Next, there are equitable factors[3] that also affect a statute of limitations; this is because equity abhors a forfeiture, and if there is any way to restore a forfeiture, equity will find it. Since there was a forfeiture here, and since equity can provide alternate limitations periods, or restart a limitations period, the Court should consider the effect of those factors here. Here are the instances where equity would toll a statute of limitations in federal court, many, but not all of which would apply here. The citations are from the Ninth Circuit of the US Court of Appeals or the US Supreme Court,:

1. **Fraudulent Concealment**: When a defendant hides a wrong, the statute of limitations may be tolled until the plaintiff has had a reasonable opportunity to discover it. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). This issue could very well come into play and become viable in the instant action; that is why a court usually decides whether a claim is time-barred on a summary judgment motion.

---

[3] Examples of the different types of equitable tolling, as illustrated by case citations, are not to say that the particular facts alleged here are similar, equal, or comparable to the cases cited. Rather, the cases cited are examples of authoritative validation of the theories of equitable tolling in general. It is up to the court, in the sound exercise of its discretion, to determine - using acceptable reasoning techniques at the appropriate time - whether such a tolling is applicable based on the fact alleged and the evidence adduced.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

4

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 4 of 14

2. **Discovery Rule/Injury Inherently Difficult to Detect**: If the injury or wrong is inherently difficult to detect, the statute of limitations begins once the plaintiff discovers (or should have discovered) the harm to them. *See O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139 (9th Cir. 2002). This issue could very well come into play and become viable in the instant action; that is why a court usually decides whether a claim is time-barred on a summary judgment motion.

3. **Wrongful conduct of the defendant**: When a defendant engages in wrongful conduct that prevents the plaintiff from filing suit within the limitations period, courts may apply equitable tolling. See *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 (1990). This issue could very well come into play and become viable in the instant action; that is why a court usually decides whether a claim is time-barred on a summary judgment motion.

4. **Mental Illness**: In cases where the plaintiff suffers from a mental illness making it difficult for them to comply with the filing deadline, courts may apply equitable tolling. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). This issue could very well come into play and become viable in the instant action; that is why a court usually decides whether a claim is time-barred on a summary judgment motion.

5. **Extraordinary Circumstances Beyond Plaintiff's Control**: If the plaintiff is prevented from filing due to extraordinary circumstances beyond their control and they have acted diligently in asserting their rights, the statute of limitations may be tolled. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011). See above; this issue will come into play in the instant action and could be viable; that is why a court usually decides whether a claim is time-barred on a summary judgment motion.

6. **Pending Class Action**: The statute of limitations may be tolled for all members of a proposed class action lawsuit until class certification is denied. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). This reason is not likely, at this time, to be viable

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

5

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 5 of 14

unless there was or is some other litigation that involves facts similar to the Plaintiff's. On information and belief, there is likely to be a statistically significant number of cases where the municipality has engaged in behavior similar to that alleged here, but whether or not those cases have resulted in litigation is at this time unknown.

7. **Filing of a Wrongful but Reasonable Lawsuit**: If the plaintiff reasonably but mistakenly files a claim in the wrong court, the statute of limitations may be tolled while the mistaken claim is pending. *Artis v. District of Columbia*, 138 S. Ct. 594, 603 (2018). This reason is not likely, at this time, to be a viable tolling mechanism. However, this does lead into the next consideration which may become relevant.

8. **Ineffective Assistance of Counsel**: If the delay in filing was caused due to defective performance by counsel, the court may apply equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). This issue will come into play as litigation in the instant action continues and very well could be viable; there are issues that will arise after evidence is submitted in support of the Plaintiff's claims that have not been brought forth in the complaint, and the court is limited on motions to dismiss to considering only the Complaint. Again, this is why a court usually decides whether a claim is time-barred on a summary judgment motion.

9. **Federal Policy**: Tolling may also be appropriate to effectuate federal policy. See *Minnesota Mining and Mfg. Co. v. New Jersey Wood Finishing Co.*, 381 U.S. 311 (1965)(tolling the statute of limitations under the Clayton Act during Federal Trade Commission proceedings). The facts alleged in this case shocks the conscious. Given that the facts are so shocking to the conscious as to clearly be constitutionally repugnant, it cannot be said that this is not a valid consideration for tolling any other applicable limitations period. Again, this is why the court should deny the Defendant's motion.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

6

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 6 of 14

10. **The Continuing Offense/Occurence Doctrine:** The continuing offense/occurence doctrine is a powerful tool for prosecutors and Plaintiffs who face statute of limitations challenges. It functions to delay the running of statutes of limitations for certain crimes or torts by postponing the completion of those crimes or torts. In order to trigger the operation of the doctrine, a court must conclude that a particular crime or tort is a "continuing offense" for statute of limitations purposes. Identifying what crimes and torts are continuing offenses has been a problematic exercise for federal courts, leading to a growing number of conflicting approaches and circuit splits. Moreover, courts are employing the continuing offense doctrine with increasing frequency, subjecting otherwise time-barred conduct to prosecution. The instant case provides possible facts where this issue could very well come into play and become viable in the instant action.[4] This is why a court usually decides whether a claim is time-barred on a summary judgment motion.

Each of these reasons underlines the rationale that statutes of limitations, designed to promote justice, *cannot be used as an instrument of injustice*. Here, if the Court granted the Defendant's motion to dismiss on statute of limitations grounds, it would mean that Defendant successfully weaponized statutes of limitation as an instrument of injustice: The facts of this matter are so shocking to the conscious the court may step in to toll any limitations period that might otherwise apply.[5]

---

[4] The Ninth Circuit case *Kam-Almaz v. United States*, 682 F.3d 1364 (9th Cir. 2012), provides a notable example of the court approving the application of the Continuing Offense/Occurrence Doctrine to toll the statute of limitations in a civil case. There it was reasoned that if the wrongs form part of a pattern of persistent, long-term behavior, then the Doctrine may indeed be invoked, and the limitation period effectively tolled. This reasoning is sound regardless of whether it is used for criminal or civil extensions. Furthermore, to allow the government to take advantage of such a tolling to prosecute a citizen, but to not allow a citizen to obtain recovery from a government in 'shoe-is-on-the-other-foot scenarios' is also a violation of equal protection as well as due process.

[5] Plaintiff makes broad stroke arguments because this is an unprecedented case in an already unprecedented age. Anchorage has gall: It takes a house, keeps the money, renders the former owner

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

7

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 7 of 14

# PLAINTIFF HAS SUFFICIENTLY ALLEGED A CONSTITUTIONAL VIOLATION

The Defendant's Motion to Dismiss relies heavily on the comparison between the present case and the cases of *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023) and *Nelson v. City of New York*, 352 U.S. 103 (1956). While these cases may provide relevant context, Plaintiff contends that the specifics of their allegations and the Alaska Statutes at issue in this case support the argument of constitutional violations.

## A. Takings Clause Violation

Plaintiff alleges that the Defendant violated the Takings Clause of the Fifth Amendment by not providing, at a minimum, the surplus proceeds resulting from the tax foreclosure sale, as stated in the Complaint.[6] The Defendant had actual knowledge that the Plaintiff was entitled to the surplus proceeds because it sent the Plaintiff a W-9; because the Defendant actually knew of the Plaintiff's entitlement, for constitutional purposes the lack of recovery of the surplus proceeds amounts to a taking without just compensation.

While the Defendant cites Alaska Statute § 29.45.480 as a procedure for claiming surplus proceeds, that argument is not really applicable here. Here, the Municipality sent the Plaintiff a W-9 to fill out and return. This W-9 was not the "claim" for property that is 'required' under the statute. A W-9 is merely a method to obtain a taxpayer's TIN, not a method to identify the Plaintiff as the person entitled to the funds being disbursed. The fact that the Municipality knew the Plaintiff had a claim to the funds is what spurred the sending of the W-9, not vice

---

homeless after taking the money and then won't even deal appropriately with the homeless crisis that it itself has created. Then, as here, it somehow manages to blame its victim.

[6] The Plaintiff has actually asked for the Court to award the difference between the market value of the home, less the assessed fines and fees associated with the sale. Plaintiff contends that the amount received from the sale of the property by the Municipality was not the market value, but was instead a highly discounted amount. This is supported by the fact the amount the municipality realized on the sale was less than half its own assessed value of the property.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

8

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 8 of 14

versa. The Defendant already knew of the Plaintiff's claim to the property BECAUSE it sent the W-9. Because the Defendant knew of the Plaintiff's claim to the property when it sent the W-9, the argument that the Plaintiff did not file a claim under the statutes it cites is misleading and irrelevant.

Furthermore, such a reading of the statute as the Defendant argues would be unconstitutional as applied here. It should not be said that, as a matter of law, a government can take and keep a citizen's property without just compensation and subsequently escape that duty by relying on unnecessary pro forma requirements that place the burden on citizen when the purpose of those requirements have already been fulfilled and where the government at issue has actual knowledge of its duty and debt. It should, however, be said that such actions are unconstitutional - whether under the fifth amendment taking clause or under the eighth amendment's excessive fines provision. (In fact, here it looks very much like a forfeiture punishing the Plaintiff for being a tax protestor: a very unusual punishment for purposes of eighth amendment analysis.) Any statutory scheme that serves to legitimate such unconstitutional takings by placing duties on the Plaintiff in the face of the actual knowledge by the Municipality of the Plaintiff's interest most certainly violate the due process as unconstitutional attempts at workarounds.

Where a government takes a citizen's property without giving the citizen just compensation, and has actual knowledge that it owes the money and knows who it owes, failure to make compensation to the person so owed is either an unconstitutional taking or an excessive fine. It is certainly an unusual punishment for being a tax protestor, especially where the act by the government in taking the property rendered the owner homeless. In Anchorage. During the winter. With no money.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

9

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 9 of 14

The comparison to *Nelson v. City of New York* is not entirely applicable here for the reasons set out above. Not only was the notice and procedure provided in that case more accessible to the property owner than the procedure described in the Alaska Statutes, there is no evidence in that case that the city had actual knowledge of the claim or sent the potential claimant a taxing document to return. Here, by sending the Plaintiff a W-9 to fill out and return, the Municipality acknowledged that it already knew that money was owed to the Plaintiff because the Plaintiff had a claim. The Plaintiff's claim/entitlement to the funds was perfected when the Municipality sent th W-9.

A W-9 return is NOT filing a claim for purposes of fulfilling the statutory requirements, and by sending out the W-9 the Municipality, as a matter of law, already acknowledged the Plaintiff's claim. As such the requirements of the statutory scheme which Defendant relies upon to justify its continuing robbery are irrelevant to this action because we pick up after the fact. The Plaintiff's Complaint has stated a plausible claim for relief under the fifth amendment.

## B. Due Process Violation

Plaintiff argues that the Defendant's failure to provide the surplus proceeds is also a violation of due process rights under the Fourteenth Amendment. Even if the Alaska Statutes provide a legal procedure, it does not constitute a satisfactorily clear and accessible process guaranteeing due process rights, specifically regarding the notice requirement where the municipality already has actual knowledge of the claimant's claim and has acknowledged the claim by sending the Plaintiff a W-9. Such due process violations are both procedural and substantive in nature, and based on the facts alleged in the complaint, the Plaintiff has plausibly stated a due process claim under the fourteenth amendment.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

10

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 10 of 14

## C. Excessive Fines Violation

Finally, Plaintiff maintains that the retention of the surplus proceeds from the tax foreclosure sale by the Defendant constitutes an excessive fine or penalty, in violation of the Eighth Amendment. The surplus proceeds significantly exceeded the tax debts owed by the Plaintiff, and the Defendant's retention of these funds amounted to a punitive measure disproportionate to the original delinquency.

The comparison to *Nelson v. City of New York* highlights the difference in the time frames provided for property owners to recover surplus proceeds, with the shorter period of 20 days in *Nelson* and the six-month period in Alaska law. However, neither timeframe is necessarily appropriate for or free from excessive fines challenges under the Eighth Amendment.

As set out earlier, the municipality kept an amount in excess of 3000% of the taxes allegedly owed after it sold the Plaintiff's property for less than one-half of the amount its very own assessors assessed the property, at an auction it conducted.

It is very unusual to punish someone for something (here being a tax protestor) by taking their home (rendering them homeless) and then keeping all the money from selling it, especially where the amount kicking off the forfeiture was less than three thousandths of a percent of the proceeds of the sale; the sale amount itself being one half of he market value assessed by the taxing agency that ordered the forfeiture and sale to begin with. Based on the facts alleged in the complaint, the Plaintiff has plausibly stated what would be a claim under the eighth amendment.

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

11

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 11 of 14

## Granting The Defendant's Motion To Dismiss Would Not Be Good Optics In A Time Of Growing Discontent Due to Government Overreach

The interplay between equity and the Constitution in this case accentuates the need for a judicial intervention. Given that both agree that the situation constitutes a wrong that needs to be rectified, it would be unfavorable from a public perception standpoint if the court ruled otherwise. Currently, we are navigating a challenging period where episodes of government overreach are being carefully scrutinized and increasingly stoking unrest among adversely-impacted citizens. Thus, it has become imperative that the judiciary serves as a bulwark against such overreaches.

The Court's endorsement, or lack of adequate reprisal, of the government's questionable cash acquisition here would not only perpetuate the seeming rampant disregard of citizens' rights, but also risks threatening the Court's own integrity and public perception. This scenario is reminiscent of the *Dred Scott* decision, which was a landmark and contentious decision by the U.S. Supreme Court that denied citizenship and constitutional rights to African Americans, thereby heightening pre-Civil War sectional tensions.

In that context, it becomes evident that the judiciary's endorsement of an act contrary to the principles of social justice,. constitutional law, and equity would not only cast doubts over the legitimacy of the perpetrating entity, but arguably more potent, could severely dent the reputation of the judiciary sanctioning such an act.

Equity, as jurisprudence reveals, unequivocally disfavors a forfeiture. It represents a category of the law that prefers outcomes embodying fairness, even when rigid legal principles might dictate otherwise. It is grounded in the principle that when there is an opportunity to restore a forfeiture, equity should step in and facilitate it. Consequently, if there exists a path to

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

12

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 12 of 14

rectify this situation and restore the plaintiff's rights, it is incumbent upon the court, in the pursuit of equity, to explore that path.

Therefore, the court has a crucial role and immense responsibility, not merely in reimbursing this particular plaintiff but also in setting a precedent that reassures citizens that their rights will be fiercely protected, even against government actions, and that any assaults on these rights would not be met with impunity. This is the essence of a robust, equitable legal system that prioritizes justice and fairness.

## IV.   CONCLUSION

Based on the facts alleged in the Complaint and the distinctions from the cited cases of *Tyler v. Hennepin Cnty., Minnesota* and *Nelson v. City of New York*, Plaintiff has plausibly stated a claim for relief under the Takings Clause, procedural due process, and excessive fines grounds. Furthermore, Plaintiff has shown how the issue of dismissal due to a time bar is not ripe at this time, and a decision on that issue is best deferred for a Summary Judgment Motion and not a Motion to Dismiss. Therefore, Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and permit this case to proceed; after all, the facts in this case are shocking to the conscience.

Respectfully submitted this 31 Day of October, 2023.

_____
David Paul Biesemeyer, Pro Se

7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com

PLAINTIFF'S OPPOSITION & RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
Anchorage Division of the US District Court for Alaska
Case No. 3:23-CV-00185 SLG - Biesemeyer v. Municipality of Anchorage

13

Case 3:23-cv-00185-SLG   Document 6   Filed 11/03/23   Page 13 of 14

**FROM:**
David Paul Biesenger
7650 E. Jim Cottrell
Palmer, AK 99545

**TO:**
Clerk, US District Ct
222 W. 7th Ave
Room 229, Box/site #4
Anchorage, Alaska
99513



**Utility Mailer**
10 1/2" x 16"

