Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| David Paul Biesemeyer | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Municipality of Anchorage, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:23-cv-00185 SLG |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Defendant, the Municipality of Anchorage, by and through the undersigned, and enters its reply to the Plaintiff's Opposition to the Defendant's Motion to Dismiss.

**The Court May Dismiss the Complaint for a Statute of Limitation Bar**

The Plaintiff argues that the issue of statute of limitations is not "ripe" for decision. Legal terminology aside, his argument, in application, is that the Plaintiff is not

required to address affirmative defenses in his complaint. This is true, as a general rule. Plaintiffs ordinarily need not plead on the subjects of affirmative defenses. *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 902 (9th Cir. 2013). However, when the defense is present on the face of the complaint, the court can address the issue of a statute of limitations defense. "When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Id.*

Here, the statute of limitation issue is present on the face of the complaint, and his arguments of equitable tolling are not persuasive to toll the statute of limitations within two years of the date of filing this action. He has listed fraudulent concealment, discovery of injury rule, wrongful conduct, mental illness, extraordinary circumstances, class action, filing wrongful but reasonable lawsuit, ineffective assistance of counsel, federal policy, and continuing offense types of equitable tolling. These equitable tolling theories are not applicable or persuasive.

No plausible arguments are put forth under any theory of equitable tolling to foreclose the Defendant's statute of limitations defense that is present on the face of the complaint. Therefore, the court can address the statute of limitation defense. The state two-year tort statute of limitations applies to this action and thus this claim is barred and subject to dismissal.

### "Shocking to the Conscious" is the not the Standard of Liability in *Monell* Cases. Instead, the Defendant Lacks Discretion and Thus Lacks Liability.

In the Plaintiff's Opposition, he makes arguments in equity that it was unjust that the Defendant failed to offer to make him whole and kept the surplus windfall from the

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 2 of 6

Case 3:23-cv-00185-SLG   Document 8   Filed 11/17/23   Page 2 of 6

tax foreclosure sale. The Plaintiff makes arguments that the Defendant should have gone above and beyond what is required of the statute. This is not possible. What the Defendant has done is followed mandatory foreclosure procedures and duties outlined in the Alaska Statutes and is not liable for following such state laws.

The Plaintiff filed an action against the Municipality of Anchorage and not an officer acting in his or her official capacity where qualified immunity may apply. This is allowable but a different standard of liability applies. Instead, a municipality, including the Defendant can only be liable under the theory outlined in *Monell v. Dep't of Social Servs. of City of N.Y.* A local governing body is not liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978). Furthermore, there is a good faith exception to retroactive liability when acting pursuant to binding U.S. Supreme Court caselaw and presumptively valid state law. *Danielson v. Inslee*, 945 F.3d 1096, 1097 (9th Cir. 2019).

In the Plaintiff's Opposition, he makes equitable arguments about how the municipality should have offered to make him whole or some other remedy to automatically tender payment. These actions are not within the Municipality's discretion. The Defendant was not acting on an official municipal policy but instead on mandatory state law. The Municipality has mandatory, not discretionary, duties to tax and to tax within state statutes and procedures once such taxation is implemented. The power and obligation to tax are not discretionary and cannot be surrendered, stem from constitutional duties, and are delegated to the Defendant from the state's constitutional

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 3 of 6
Case 3:23-cv-00185-SLG   Document 8   Filed 11/17/23   Page 3 of 6

powers. "All local government powers shall be vested in boroughs and cities. The State may delegate taxing powers to organized boroughs and cities only." Alaska Const. art. X §2. "The power of taxation shall never be surrendered. This power shall not be suspended or contracted away, except as provided in this article." Alaska Const. art. IX §1.

From these constitutional powers, the state has not granted discretion in tax collection procedures. There is no discretion in the procedures of tax levy and collection. "[i]f a tax is levied on real property or on personal property, the tax must be assessed, levied, and collected as provided in this chapter." A.S. § 29.45.010(c) (2022). "The municipality shall enforce delinquent real property tax liens by annual foreclosure, unless otherwise provided by ordinance." A.S. § 29.45.320(a) (2022). Pursuant to A.S. § 29.45.460 (2022), et. seq., the Defendant may retain a property for a public purpose, or it may sell the property to satisfy the tax debt. Following a tax sale, such as this case, the state has dictated the required procedure for disposition of the tax proceeds. Such procedure allows the Plaintiff six months to make a valid claim:

> If tax-foreclosed real property that has been held by a municipality for less than 10 years after the close of the redemption period and never designated for a public purpose is sold at a tax-foreclosure sale, the former record owner is entitled to the portion of the proceeds of the sale that exceeds the amount of unpaid taxes, the amount equal to taxes that would have been assessed and levied after foreclosure if the property had continued in private ownership, penalty, interest, and costs to the municipality of foreclosing and selling the property, and costs to the municipality of maintaining and managing the property that exceed amounts received by the municipality for the use of the property. If the proceeds of the sale of tax-foreclosed property exceed the total of unpaid and delinquent taxes, penalty, interest, and costs, the municipality shall provide the former owner of the property written notice advising of the amount of the excess and the manner in which a claim for the balance of the proceeds may be submitted. Notice is sufficient under this subsection if mailed to the former

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 4 of 6

Case 3:23-cv-00185-SLG   Document 8   Filed 11/17/23   Page 4 of 6

> record owner at the last address of record of the former record owner. On presentation of a proper claim, the municipality shall remit the excess to the former record owner. <u>A claim for the excess filed after six months of the date of sale is forever barred.</u>

A.S. § 29.45.480 (2022).

It is clear from the complaint and the Plaintiff's argument that the Municipality has followed state law not an official municipal policy and did not pay the Plaintiff the surplus windfall, if one existed, after no claim was submitted within six months. It is this lack of discretion and rigid procedures of the Alaska Statutes regarding taxation and foreclosure that leaves the Defendant immune from the Defendant's claims of *Monell* liability. *Monell* liability does not exist from following mandatory state statutes, only municipal policies.

Lastly, as discussed in the motion to dismiss, *Tyler v. Hennepin* never required payment of surplus proceeds following a tax foreclosure sale. *Tyler v. Hennepin Cnty. Minnesota,* 598 U.S. 631 (2023). It was a case where a former property owner did not have any procedure to claim the excess proceeds. *Id.* It only required a procedure for which the former owner could claim the surplus, upholding *Nelson v. City of New York*, 352 U.S. 103 (1956). In this case, Alaska has a procedure for the Defendant to claim the excess surplus, A.S. § 29.45.480 (2022). Thus, no constitutional violation has occurred. Without a constitutional violation, no *Monel* liability exists. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Therefore, the court should dismiss the Defendant's case with prejudice as any amendment would be futile.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 5 of 6

Case 3:23-cv-00185-SLG   Document 8   Filed 11/17/23   Page 5 of 6

Respectfully submitted this 17th day of November, 2023.

        ANNE R. HELZER
        Municipal Attorney

        By: s/Jason A. Thomas
            Jason A. Thomas
            Municipal Attorney's Office
            P.O. Box 196650
            Anchorage, Alaska 99519-6650
            Phone: (907) 343-4545
            Fax: (907) 343-4550
            E-mail: uslit@muni.org
            Alaska Bar No. 2005028

<u>Certificate of Service</u>
The undersigned hereby certifies that on <u>11/17/2023</u>, a true and correct copy of the foregoing was served on:

David Biesemeyer
7650 E. Jim Cottrell
Palmer, AK 99645
davebiesemeyer@hotmail.com

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s Jason A. Thomas
Municipal Attorney's Office

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 6 of 6

Case 3:23-cv-00185-SLG   Document 8   Filed 11/17/23   Page 6 of 6