# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID PAUL BIESEMEYER,

    Plaintiff,

v.

THE MUNICIPALITY OF ANCHORAGE, ALASKA,

    Defendant.

Case No. 3:23-cv-00185-SLG-KFR

**ORDER RE MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant the Municipality of Anchorage.[1] Plaintiff David Paul Biesemeyer, who represents himself in this matter, filed a Response opposing the Motion,[2] to which Defendant replied.[3] Oral argument on the Motion was not requested and was not necessary for the Court's decision.

Plaintiff's claims have two defects. First, they are time-barred because Plaintiff filed his Complaint several years after the expiration of the two-year limitations period applicable to his claims. Even if Plaintiff were entitled to equitable tolling consistent with the allegations in the Complaint, his claims would still be untimely. Second, the Complaint's allegations fail to plausibly establish a violation of Plaintiff's rights under the Fifth or Fourteenth Amendments. Therefore, the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED with leave to amend.**

//

//

---

[1] Doc. 4.
[2] Doc. 6.
[3] Doc. 8.

## I. BACKGROUND

Plaintiff is the former owner of a parcel of real property located in Anchorage.[4] Plaintiff lived on and paid taxes on this property for decades.[5] In 2012, however, Plaintiff attempted to protest Defendant's assessment of the property taxes he owed for that year, which totaled $7,607.76.[6] As part of this protest, Plaintiff refused to pay his property taxes; by the end of 2012, he still had not paid them.[7] Consequently, in March 2013, Defendant filed a petition in the Alaska Superior Court for a judgment and decree of foreclosure on Plaintiff's property.[8] In May 2013, the Superior Court granted the petition, and in November 2014, the Superior Court granted Defendant a clerk's deed on Plaintiff's property so that Defendant could sell the property.[9] After obtaining the clerk's deed, Defendant sold the property to a buyer for $243,235.29.[10] Defendant then kept the proceeds of the sale in excess of the property tax debt Plaintiff owed.[11] According to Plaintiff, the property had an assessed market value of over $500,000 at the time of the sale and he owned the property outright.[12]

In August 2023, Plaintiff filed a Complaint against Defendant, asserting three claims. First, Plaintiff claims that Defendant violated the Fifth Amendment's prohibition against taking private property for public use "without just compensation," when Defendant foreclosed on and sold his home to satisfy his property tax debt without compensating him for the surplus equity in the property.[13] Second, Plaintiff claims that Defendant deprived him of due process, in violation of

---

[4] Doc. 1 at 4, ¶ 12. For the purposes of this Order, the Court assumes that all factual allegations in Plaintiff's Complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).
[5] Doc. 1 at 5, ¶ 13.
[6] *Id.* at 5, ¶ 15-16.
[7] *Id.* at 5, ¶ 17.
[8] *Id.* at 5, ¶ 18.
[9] *Id.* at 5-6, ¶¶ 20-22.
[10] *Id.* at 6, ¶ 23.
[11] *Id.* at 6, ¶ 26.
[12] *Id.* at 6, ¶¶ 24-25.
[13] *Id.* at 6, 9, ¶¶ 23, 38.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
2

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 2 of 19

the Fourteenth Amendment, by requiring him to "affirmatively make an effort to claim" the surplus value from the sale and by imposing "unreasonable and unnecessary" requirements to claim those funds.[14] And third, Plaintiff alleges that his loss of the surplus is an excessive fine, in violation of the Eighth Amendment.[15] Plaintiff seeks damages in the amount of: (1) the property's fair market value at the time of the taking less the property tax debt owed, with interest; or, alternatively, (2) the surplus from the property's sale less the property tax debt owed, with interest.[16] Plaintiff also seeks the costs of this litigation.[17]

In October 2023, Defendant filed the Motion, arguing that the Complaint fails to state a claim upon which relief can be granted and that dismissal is warranted on two primary grounds.[18] First, Defendant maintains that Plaintiff's claims are untimely, even if a "period of disability" alleged in the Complaint warrants equitable tolling of that period of time.[19] And second, Defendant contends that Plaintiff has failed to allege any constitutional violation to support any of his three claims.[20] Plaintiff contests each of these arguments.[21]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for a complaint's "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] A

---

[14] *Id.* at 12–14, ¶¶ 53–59.
[15] *Id.* at 11–12, ¶¶ 45–52.
[16] *Id.* at 14, ¶¶ 1–2.
[17] *Id.* at 15, ¶ 3.
[18] Doc. 4.
[19] *Id.* at 3–6.
[20] *Id.* at 6–11.
[21] Doc. 6.
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
3
Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 3 of 19

complaint must provide "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'"[23]

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."[24] However, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove" that the statute has not run.[25]

A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt.[26] Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[27]

III. DISCUSSION

Even liberally construed, the Complaint fails to state a claim upon which relief can be granted because its allegations indicate that Plaintiff's claims are time-barred. Thus, Plaintiff's claims must be dismissed. Plaintiff's takings and due process claims are deficient for the additional reason that they do not allege facts demonstrating a plausible violation of the relevant constitutional right. However, because amendment of the Complaint is not clearly futile, dismissal is without prejudice.

**A. Alaska's Two-Year Statute of Limitations for Personal Injury Actions Bars Plaintiff's Claims.**

As a threshold matter, this is a federal civil rights action brought pursuant to

---

[23] *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (first citing *Twombly*, 550 U.S. at 570; and then quoting *Iqbal*, 556 U.S. at 679).
[24] *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)).
[25] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[26] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[27] *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
4
Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 4 of 19

42 U.S.C. § 1983. That statute provides that

> [e]very person who, under color of [State law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[28]

In other words, § 1983 creates a private right of action against persons acting under color of state law who violate federal constitutional or statutory rights.[29] Under *Monell v. New York City Department of Social Services*,[30] a municipality is a "person" for § 1983 purposes and can therefore be held liable for constitutional injuries attributable to itself.[31] Any constitutional injury by a municipality must occur "pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."[32] To establish municipal liability under *Monell*, a plaintiff must prove that "(1) [they] were] deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [their] constitutional right; and (4) the policy was the moving force behind the constitutional violation."[33]

Plaintiff brings claims for damages against Defendant for violating his Fifth, Eighth, and Fourteenth Amendment rights.[34] Section 1983 provides the vehicle by which Plaintiff may seek damages against Defendant for these alleged constitutional violations, and thus Plaintiff's claims are properly brought under this statute.[35]

---

[28] 42 U.S.C. § 1983.
[29] *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001); *see also Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020) ("Constitutional violations under § 1983 are a species of tort liability.").
[30] 463 U.S. 690 (1978).
[31] *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 126 (1988) (citing *Monell*, 463 U.S. at 690).
[32] *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).
[33] *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citation omitted).
[34] Doc. 1 at 7–15, ¶¶ 32–60, 1–4.
[35] *See Wilson v. Washington*, No. C16-5366 BHS, 2017 WL 3616895, at *2 (W.D. Wash. Aug. 23, 2017) (rejecting plaintiff's attempt to "bifurcate his 'as applied' challenge and his § 1983

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
5
Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 5 of 19

Having clarified the nature of Plaintiff's claims, the Court turns to the parties' dispute over whether these claims are time-barred. Although "statutes of limitations are affirmative defenses, not pleading requirements,"[36] a "claim may be dismissed as untimely pursuant to a [Rule] 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint."[37] Whether a § 1983 claim is timely depends on a combination of state and federal law that determines (1) the length of the applicable limitations period, (2) the accrual date of the claim, and (3) whether the limitations period was tolled.[38]

With respect to the first issue, Plaintiff asserts that the governing statute of limitations is set forth in either Alaska Statute 09.10.230 or Alaska Statute 09.10.100, both of which provide for a 10-year limitations period.[39] Defendant, meanwhile, contends that the governing statute of limitations is set forth in Alaska Statute 09.10.070(a), which provides for a two-year limitations period.[40] Defendant is correct. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."[41] In Alaska, AS 09.10.070(a) requires that a personal injury action be "commenced within two years of the accrual of the cause of action."

The parties do not expressly contest the second issue—the claims' accrual dates—and the Court need not determine those precise dates now. "[T]he accrual

---

cause of action" because these claims were "one in the same," explaining that § 1983 is the statutory vehicle that allowed plaintiff to assert his "as applied" challenge to conditions of confinement "in a claim for damages after the fact"); *Deutsche Bank Nat'l Tr. Co. v. F.D.I.C.*, 784 F. Supp. 2d 1142, 1169–70 (C.D. Cal. 2011) ("A party can sue for a violation of a constitutional right only if he has a cause of action." (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971))).

[36] *Wyatt v. Terhune*, 315 F.3d 1108, 1117–18 (9th Cir. 2003).
[37] *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Induss., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotation marks and citation omitted).
[38] *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003).
[39] Doc. 1 at 4, ¶ 10.
[40] Doc. 4 at 4.
[41] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
6

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 6 of 19

date of a § 1983 cause of action is a question of federal law."[42]  The standard rule is that accrual occurs when the plaintiff has "'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'"[43]  To determine when a plaintiff has a complete and present cause of action, courts "focus[] . . . on the specific constitutional right alleged to have been infringed."[44]  It appears that Plaintiff's takings and excessive fines claims accrued in November 2014, when the Clerk of Court for the Alaska Superior Court executed a clerk's deed in favor of Defendant in connection with the sale of Plaintiff's property.[45]  And it appears that Plaintiff's due process claim[46] accrued in May 2015, six months after that sale, when Plaintiff lost his right under state law to claim the surplus from the sale.[47]  Plaintiff did not file his Complaint until August 2023.  Thus, unless the two-year limitations period was tolled for over six years, Plaintiff's claims are untimely.

---

[42] *Wallace*, 549 U.S. at 388.

[43] *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

[44] *Reed v. Goertz*, 598 U.S. 230, 235–36 (2023).

[45] *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2172, 2179 (2019) (holding that "[a] property owner may bring a takings claim [in federal court] under § 1983 upon the taking of his property without just compensation by a local government," regardless of what sort of procedures are available under state law to remedy the taking); *Tyler v. Hennepin County, Minn.*, 598 U.S. 631, 639 (2023) (holding that county "could not use the toehold of [a] tax debt to confiscate more property than was due" and that doing so effected a "classic taking in which the government directly appropriates private property for its own use").

[46] Plaintiff references both procedural due process and substantive due process in his Complaint and Response.  *See* Doc. 1 at 12, ¶ 53; Doc. 6 at 10.  However, to state a substantive due process claim, a plaintiff must plausibly allege the violation of a "fundamental right." *Reno v. Flores*, 507 U.S. 292, 302 (1993).  Plaintiff has not made this showing here.  The fundamental rights protected by the substantive due process doctrine are specific and limited in number, and property ownership is not one of them.  *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (listing the fundamental rights covered by the substantive due process doctrine).  The Court therefore considers Plaintiff's due process claim to solely implicate procedural due process.

[47] *See Reed*, 598 U.S. at 236 (determining that petitioner's § 1983 procedural due process claim accrued when no more process existed under state law because such a claim accrues not when the deprivation of a protected interest occurs but only when "the State fails to provide due process"); AS 29.45.480(b).

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
7

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 7 of 19

With respect to the third issue—tolling—Plaintiff's Complaint alleges he is entitled to equitable tolling of the statute of limitations during a "period of disability which [he] was laboring under from 2014–2016 due to an accident that initially caused his clinical death and where, subsequent to his revival, he was undergoing rehabilitation and treatment from the accident for a period of not less than two years."[48] Defendant insists that these allegations are insufficiently specific for Plaintiff's claims to survive the Motion, and that even assuming Plaintiff was incapacitated for two full years, his claims would still be untimely.[49] In response, Plaintiff contends that he has properly alleged his incapacity and that "[t]he evidence at trial could show that [he] was incapacitated even longer than alleged in the [C]omplaint, just as it could show a lesser period [of incapacity]."[50]

Just as with the statute of limitations, federal courts generally apply the forum state's law regarding tolling, including equitable tolling, in § 1983 actions.[51] At the motion to dismiss stage, "[t]he sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine."[52] Alaska recognizes equitable tolling in situations where "multiple legal remedies are available to the plaintiff and time runs out on one remedy while the plaintiff is pursuing another unavailing remedy."[53] Although parties in Alaska state cases have argued that equitable tolling is warranted where "extraordinary circumstances outside the

---

[48] Doc. 1 at 4, ¶ 11.
[49] Doc. 4 at 5–6.
[50] Doc. 6 at 3–4.
[51] *Jones*, 393 F.3d at 927 (clarifying that forum state law regarding statute of limitations and tolling applies "except to the extent any of these laws [are] inconsistent with federal law").
[52] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993)
[53] *Kaiser v. Umialik Ins.*, 108 P.3d 876, 881 (Alaska 2005). Alaska further recognizes a discovery rule, which "control[s] the starting date of the statute of limitations for certain claims" when a plaintiff, "by exercising reasonable diligence, could not have discovered essential information bearing on [their] claim." *Id.* at 882 (internal quotation marks and citations omitted). Although not a basis for equitable tolling under Alaska law, other jurisdictions apply the same principle through equitable tolling. *See id.*

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
8

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 8 of 19

plaintiff's control make it impossible for the plaintiff to timely assert [their] claim," the Alaska Supreme Court has "neither accepted nor rejected this theory of tolling."[54]

The allegations in Plaintiff's Complaint do not plausibly demonstrate that Plaintiff might be entitled to equitable tolling for the many years needed to render his claims timely. Contrary to Plaintiff's assertions, the face of the Complaint indicates that the two-year statute of limitations expired long before filing, even if the entire alleged tolling period applies.[55] Plaintiff's argument that the evidence might establish that he was incapacitated for more or less than two years does not change this result, particularly because he specifically alleges in his Complaint a two-year period of incapacity. The Court cannot reasonably infer from these allegations that Plaintiff was incapacitated for the much longer period required to prevent his claims from being time-barred. Thus, even if extraordinary circumstances may serve as a basis for equitable tolling under Alaska law, an issue the Court does not reach today,[56] Plaintiff's claims are untimely and must be dismissed.[57]

---

[54] *Richardson v. Mun. of Anchorage*, 360 P.3d 79, 85 (Alaska 2015) (quoting *Kaiser*, 108 P.3d at 882).

[55] *See* Doc. 6 at 3.

[56] Because Alaska has not addressed this issue, the Court would be required to use its best judgment to predict how the Alaska Supreme Court would resolve it "using . . . decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 865 (9th Cir. 1996) (internal quotation marks omitted); *see also Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002).

[57] The Court nevertheless rejects Defendant's suggestion that elevated pleading standards govern Plaintiff's equitable tolling claim. Defendant relies on *Richardson v. Municipality of Anchorage*, 360 P.3d 79 (Alaska 2015), to support this notion. Doc. 4 at 5–6. There, the plaintiff moved for tolling under a statute that provides for tolling when a person is "incompetent by reason of mental illness or mental disability." *Richardson*, 360 P.3d at 87 (quoting AS 09.10.140(a)). The defendants' motions to dismiss were "effectively converted to motions for summary judgment," which required the plaintiff to set forth specific facts showing that he could produce evidence of an "inability to understand his legal rights," as required for tolling under the relevant statute. *Richardson*, 360 P.3d at 88. The distinct procedural posture in *Richardson* renders it inapposite for determining the applicable pleading standards in the present action, which are governed by federal law. *Cf. Walker v.*

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
9

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 9 of 19

**B. Plaintiff's Complaint Fails to Allege a Takings Clause or Due Process Violation but Properly Alleges an Excessive Fines Clause Violation.**

Although untimeliness is a sufficient basis for dismissal of all of Plaintiff's claims, the Court addresses Defendant's challenges to the merits of these claims should Plaintiff choose to amend the Complaint.

Plaintiff's Complaint contains three claims. First, Plaintiff alleges that Defendant unlawfully took his property in violation of the Fifth Amendment when it foreclosed on and sold his home for $243,235.29 to extinguish his $7,607.76 property tax debt, without compensating him for the difference between that tax debt and the equity he had in the home.[58] Second, Plaintiff alleges that Alaska's six-month limitation on claiming the surplus funds from a tax foreclosure sale of real property—and Defendant's "unreasonable and unnecessary" requirements regarding such claims—violated his Fourteenth Amendment right to due process.[59] And third, Plaintiff alleges that his loss of this surplus equity is an excessive fine in violation of the Eighth Amendment because Alaska's statutory forfeiture scheme as implemented by Defendant is punitive in nature.[60]

---

*Pac. Maritime Ass'n*, No. C07-3100BZ, 2007 WL 4591672, at *2 (N.D. Cal. Dec. 28, 2007) ("[W]hile it is not clear that plaintiff will be able to make a sufficient showing of mental incompetency for the time period in question, construing his pleadings in the light most favorable to him, it . . . appear[s] that there might be some plausible basis for application of the equitable tolling doctrine in this pro se case."); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207–08 (9th Cir. 1995) ("Reading the allegations in the complaint with the required liberality, we cannot say that [plaintiff] will be unable to establish that the nine-month limitations period was tolled up to the date that it learned of the [alleged injury].").

[58] Doc. 1 at 6, 9, ¶¶ 23, 38.

[59] *Id.* at 12–14, ¶¶ 53–59. The Complaint's due process claim section contains the assertion that "the period set out in which to claim the surplus denies equal protection of the law." Doc. 1 at 12, ¶ 53. To the extent Plaintiff attempts to raise an equal protection claim, he has not alleged the elements of such a claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (describing elements of equal protection claims brought by a "class of one"); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061–62 (9th Cir. 2006) (describing elements of equal protection claims based on regulatory classification).

[60] Doc. 1 at 11–12, ¶¶ 45–52.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
10

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 10 of 19

Defendant broadly asserts that Plaintiff's allegations fail to state a claim because they do not plausibly show that Defendant deprived Plaintiff of any constitutional right.[61] The Court considers Plaintiff's takings and due process claims together before turning to his excessive fines claim.

### 1. Takings and due process claims

Defendant argues that Plaintiff's takings and due process claims are based on a "misread[ing]" of the Supreme Court's decision in *Tyler v. Hennepin County, Minnesota*.[62] According to Defendant, *Tyler* and another case, *Nelson v. City of New York*,[63] establish that in the context of tax foreclosure sales of real property, a taking violates the Fifth Amendment only if there is no "procedure to claim the surplus" from a sale.[64] Defendant points out that under Alaska law, a local government gains title to the real property it forecloses on, but there is a one-year redemption period during which the former property owner may regain title by paying the applicable taxes, fees, and penalties.[65] Defendant adds that the six-month period for claiming the surplus funds from a tax foreclosure sale further protects former property owners such as Plaintiff.[66] Defendant concludes that here, (1) there was no unconstitutional taking because Plaintiff forfeited his right to the surplus by failing to take advantage of these state-law-guaranteed procedures, and (2) these procedures were adequate and did not deprive Plaintiff of due process.[67]

In response, Plaintiff contends that he has adequately alleged a taking without just compensation and a deprivation of due process because Defendant took his property with "actual knowledge that it owe[d] [him] money" and failed to

---

[61] Doc. 4 at 6.
[62] *Id.* at 7; 598 U.S. 631 (2023).
[63] 352 U.S. 103 (1956).
[64] Doc. 4 at 8–9.
[65] *Id.* at 9 (citing AS 29.45.400; AS 29.45.450).
[66] *Id.* at 10.
[67] *Id.* at 11; *see also* Doc. 8 at 5.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

11

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 11 of 19

compensate him accordingly.[68] Plaintiff suggests that the tax forfeiture scheme contains inadequate procedural protections because it put the onus on him to make a surplus claim.[69] Plaintiff further submits that *Nelson* does not control the outcome of his claims, arguing that "the notice and procedure provided in that case were more accessible to the property owner than the procedure" at issue here.[70]

The Fifth Amendment's Takings Clause, applicable to states through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation."[71] In *Tyler*, the Supreme Court determined that the petitioner property owner stated a Fifth Amendment takings claim based on the respondent county's retention of the surplus value of the foreclosure sale of the property owner's condo after she failed to pay her property taxes.[72] The Supreme Court explained that although the county "had the power to sell [the property owner's] home to recover the unpaid property taxes[,] . . . it could not use the toehold of the tax debt to confiscate more property than was due."[73] To determine whether the property owner had a cognizable property interest in the surplus in excess of her debt, the Supreme Court examined "'existing rules or understandings' about property rights," including state law, "traditional property law principles," historical practice, and legal precedent.[74] All of these sources supported the conclusion that the property owner had a right to the surplus.[75]

In analyzing its own precedent, the Supreme Court distinguished *Nelson* based on the procedures afforded by the ordinance at issue in that case and the Minnesota statute at issue in *Tyler*. In *Nelson*, the relevant ordinance gave property owners

---

[68] Doc. 6 at 9.
[69] *Id.*
[70] *Id.* at 10.
[71] U.S. Const. amend. V.
[72] *Tyler*, 598 U.S. at 647.
[73] *Id.* at 639.
[74] *Id.* at 638 (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998)).
[75] *Id.* at 637–45.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
12

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 12 of 19

"almost two months after the city filed for foreclosure to pay off the tax debt, and an additional 20 days to ask for the surplus from any tax sale."[76] Because the ordinance did not "absolutely preclud[e] an owner from obtaining the surplus proceeds of a [foreclosure] sale," and because the suing property owners "did not take advantage of this procedure," there was no Takings Clause violation.[77] In contrast, the Minnesota statute at issue in *Tyler* "provide[d] no opportunity for the taxpayer to recover the excess value" once absolute title had transferred the state.[78] The statute thereby precluded an owner from obtaining the surplus in excess of their debt.[79]

The *Tyler* Court then compared this statute to other Minnesota statutes involving a property owner's right to the surplus in excess of their debt. The Supreme Court noted that "[i]n collecting all other taxes, Minnesota protects the taxpayer's right to surplus."[80] Since the statute at issue completely extinguished that right where it was elsewhere protected, the Supreme Court concluded that Minnesota had improperly "manipulated" the right in the context of real property taxes.[81]

The Court agrees with Defendant that Plaintiff's takings and due process claims fail under *Tyler* and *Nelson*, to the extent that these claims are based on Alaska's statutory treatment of Plaintiff's right to surplus. These cases demonstrate that there is a well-established right to the excess value of real property above the debt owed, but that states may properly enact procedures that restrict a property owner's ability to claim that excess. Although a state must afford property owners

---

[76] *Id.* at 644 (citing *Nelson*, 352 U.S. at 104–05, 104 n.1).
[77] *Id.* (quoting *Nelson*, 352 U.S. at 110).
[78] *Id.*
[79] *Id.*
[80] *Id.* at 645. The Supreme Court explained that Minnesota protects this right when nongovernmental entities such as private creditors are the sellers, and when the property subject to the state tax is income or personal property. *Id.*
[81] *Id.* (internal quotation marks omitted) (quoting *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 155 (2021)).

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
13

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 13 of 19

the opportunity to claim a surplus, the 20-day limitation on making such a claim in *Nelson* was not an unconstitutional taking or due process violation.[82] Accordingly, it is possible that a regulatory scheme that provides for some minimal amount of process could run afoul of the Takings Clause or due process. But the Alaska law in question here, which grants property owners six months to claim the surplus from a tax-foreclosure sale—plus a year to redeem the property after the foreclosure— meets the low threshold implied by *Tyler* and *Nelson*.[83] Furthermore, even if Alaska grants property owners more time to exercise their right to surplus in some other contexts, this limited inconsistency does not demonstrate an improper manipulation of property rights.[84]

Plaintiff's allegation that Defendant imposed unnecessarily burdensome requirements for claiming a surplus does not save his takings or due process claims.[85] This conclusory allegation is the Complaint's sole reference to these requirements. Without any additional information about the requirements Plaintiff alleges were unreasonable and unnecessary for purposes of claiming a surplus, the Complaint fails to plead factual content that might allow the Court to reasonably infer that Defendant is liable.[86]

---

[82] *Nelson*, 352 U.S. at 108–10.

[83] *See* AS 29.45.450; AS 29.45.480.

[84] *Tyler* suggests that a lack of consistency within a state's statutory regime may be evidence of impermissible manipulation of property interests to avoid takings liability. *See Tyler*, 598 U.S. at 645. But *Tyler* does not mandate that a state treat the right to surplus identically in all contexts. Rather, the Supreme Court's analysis suggests that the inconsistency in Minnesota's statutory regime was problematic because it fully extinguished the right to surplus in the real property tax context while protecting that right in other contexts. *Id.* Here, in contrast, any discrepancies are far less stark: Alaska recognizes the right to surplus following a municipality's sale of tax-foreclosed real property and provides procedures to vindicate that right, just as it does in some other contexts. *See, e.g.*, AS 43.05.275(a) (providing that a taxpayer may file a claim for credit or refund of income taxes "before the later of (1) three years from the time the return was filed; or (B) two years from the time the tax was paid; or (2) within two years from the time the tax was paid, if no return was filed").

[85] *See* Doc. 1 at 13, ¶ 55.

[86] *See Iqbal*, 556 U.S. at 578. The Complaint's lack of detail concerning Defendant's

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

14

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 14 of 19

In sum, Plaintiff has not plausibly alleged an unconstitutional taking without just compensation or violation of due process.

### 2. Excessive fines claim

As to Plaintiff's Eighth Amendment excessive fines claim, Defendant declares that "courts have upheld . . . foreclosure proceedings" similar to the one in this case and that this claim must thus also fail.[87] Plaintiff responds that Defendant's foreclosure of his property and retention of the surplus from the foreclosure sale unconstitutionally punished him for being a tax protestor.[88] Plaintiff argues that Defendant's retention of "an amount in excess of 3000% of" Plaintiff's property tax debt was "a punitive measure disproportionate to the original delinquency."[89]

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[90] The Excessive Fines Clause, applicable to states through the Fourteenth Amendment, "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'"[91] Forfeitures, whether civil or criminal, are payments in kind and are thus "fines" if they constitute punishment for an offense.[92] A civil tax forfeiture that "cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent

---

requirements to claim a surplus relates to Defendant's argument that it cannot be liable under § 1983 for merely "following [a] mandatory state statute[]" rather than a distinct municipal policy. *See* Doc. 8 at 3–5. Defendant maintains that it lacked discretion to automatically tender payment to Plaintiff following the sale of his home because Alaska law "dictate[s] the required procedure for disposition of . . . tax proceeds" from a tax foreclosure sale. Doc. 8 at 4. Because Defendant raises this argument for the first time in its reply brief, Plaintiff has not had occasion to address it. The Court therefore declines to consider this issue at this time. *See Vazquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("[W]e do not consider issues raised for the first time in reply briefs.").

[87] Doc. 4 at 10–11.
[88] Doc. 6 at 11.
[89] *Id.*
[90] U.S. Const. amend. VIII.
[91] *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Austin v. United States*, 509 U.S. 602, 609–610 (1993)); *Timbs v. Indiana*, 139 S. Ct. 682, 691 (2019).
[92] *Bajakajian*, 524 U.S. at 328; *Austin*, 509 U.S. at 607–09.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

15

purposes, is punishment."[93] To determine whether a punitive forfeiture is excessive within the meaning of the Eighth Amendment, "[t]he touchstone of the . . . inquiry . . . is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish."[94]

Defendant offers no authority to support its argument that Plaintiff has failed to plausibly allege an excessive fines violation, and the Court is unaware of any precedent compelling that conclusion. *Tyler* and *Nelson* do not control the disposition of Plaintiff's excessive fines claim: the property owners in *Nelson* did not raise an excessive fines claim at all, and the Supreme Court majority in *Tyler* declined to reach the excessive fines issue raised there because the property owner agreed that relief under the Takings Clause would fully remedy her harm.[95] Plaintiff has alleged facts sufficient to permit a reasonable inference that the tax foreclosure and subsequent sale of his property were not purely remedial and were disproportionate in relation to what he did to trigger these events. Therefore, the Court finds that if Plaintiff successfully cures the statute of limitations issue associated with his Eighth Amendment claim,[96] he will have stated a cognizable claim for violation of the Excessive Fines Clause.

### C. Dismissal of Plaintiff's Claims Is Without Prejudice.

Plaintiff correctly notes that at this early stage in the proceeding, the appropriate disposition of untimely claims is typically dismissal without prejudice.[97]

---

[93] *Austin*, 509 U.S. at 621 (quoting *United States v. Halper*, 490 U.S. 435, 448 (1989), *abrogated on other grounds by Hudson v. United States*, 522 U.S. 93 (1997)); *see also Tyler*, 598 U.S. at 648 (Gorsuch, J., concurring) (rejecting notion that a tax-forfeiture scheme does not violate the Excessive Fines Clause if "the scheme has a remedial purpose, even a predominantly remedial purpose," because appropriate question is whether the scheme serves in part to punish).
[94] *Bajakajian*, 524 U.S. at 334 (citing *Austin*, 509 U.S. at 622–23).
[95] *Tyler*, 598 U.S. at 647–48.
[96] *See infra* part III.A.
[97] *See* Doc. 6 at 4.

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
16

Case 3:23-cv-00185-SLG-KFR    Document 11    Filed 03/13/24    Page 16 of 19

Federal Rule of Civil Procedure 15(a) allows a party to "amend [their] pleading once as a matter of course at any time before a responsive pleading is served." "[A] motion to dismiss is not a 'responsive pleading' within the meaning of [Rule 15(a)]."[98] In addition, the Ninth Circuit permits a plaintiff to amend their complaint once as a matter of right, even after a motion to dismiss has been granted, unless the complaint's defects are uncurable.[99] The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant," who tends to be "more prone to make errors in pleading than the person who benefits from the representation of counsel."[100]

Defendant has not yet filed an answer and it is at least theoretically possible for Plaintiff to cure the statute of limitations issues discussed above.[101] Similarly, amendment of the additional deficiencies in Plaintiff's takings and due process claims is not clearly futile. Because Plaintiff may be able to allege in good faith facts that cure these various issues, the Court finds that dismissal of Plaintiff's claims with leave to amend is appropriate.

In case Plaintiff wishes to file an Amended Complaint, the Court offers the following guidance. Any Amended Complaint should make no reference to Plaintiff's

---

[98] *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)
[99] *Chaset v. Fleer/Skybox Int'l*, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs c[ould] [not] cure the basic flaw in their pleading"); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (noting that where flaws cannot be cured, there is "no need to prolong the litigation by permitting further amendment"); *Crowley v. Bannister*, 734 F.3d 967, 797 (9th Cir. 2013) ("[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.") (internal quotation marks and citation omitted).
[100] *Crowley*, 734 F.3d at 797–78 (internal quotation marks and citation omitted).
[101] For Plaintiff to plausibly show that he might be entitled to equitable tolling, he must allege facts that, at minimum, permit a reasonable inference that his circumstances made it impossible for him to timely bringing his claims for the entire period alleged. *See Kaiser*, 108 P.3d at 882; *Giocondo v. Fairbanks Daily News-Miner*, No. S-16269, 2017 WL 3122388, at *3 (Alaska July 19, 2017) ("A litigant . . . is not entitled to equitable tolling simply because he did not have 'ample opportunity and time' to file a complaint. Rather, he must show that extraordinary circumstances made it impossible for him to sue within the statutory period. Thus, even if we were to recognize equitable tolling for extraordinary circumstances, [plaintiff's] circumstances would not qualify." (footnote omitted)).

Order re Motion to Dismiss 17
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 17 of 19

initial Complaint.[102] Because an amended complaint supersedes any complaint previously filed,[103] an amended complaint must be complete in itself without reference to any prior pleading. Thus, any claims made in an initial complaint that are not realleged in an amended complaint are generally waived.[104] As a result, if Plaintiff files an Amended Complaint, he must reallege any claim he still wishes to assert. If Plaintiff files an Amended Complaint that remains defective and the Court finds that any further amendment would be futile, the Court may recommend dismissal of Plaintiff's claims with prejudice.[105]

## IV. CONCLUSION

As currently pleaded, all of Plaintiff's claims are barred by the two-year statute of limitations applicable to § 1983 actions. Furthermore, even if Plaintiff's takings and due process claims were not time-barred, they would still fail because the Complaint's allegations do not plausibly show that Defendant violated Plaintiff's Fifth or Fourteenth Amendment rights.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's claims are **DISMISSED with leave to amend** for failure to state a claim upon which relief may be granted.

2. Plaintiff has until **May 13, 2024**, to file one of the following:

    - An <u>Amended Complaint</u>, in which Plaintiff resubmits his claims to

---

[102] *See* L. Civ. R. 15.1(a) (providing that an "amended pleading must not incorporate by reference any prior pleading, including exhibits").

[103] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (citations omitted)).

[104] *See Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012) (holding that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

[105] *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (explaining that a district court need not grant leave to amend where amendment would be futile); *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011) ("Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal.").

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
18

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 18 of 19

the Court after correcting their deficiencies in accordance with this Order. Any Amended Complaint will replace the initial Complaint in its entirety. Therefore, if Plaintiff files an Amended Complaint, the Amended Complaint should make no reference to the initial Complaint. Moreover, Plaintiff must reallege any claim he still wishes to assert. Any claims not included in the Amended Complaint will be considered waived.

- A <u>Notice of Voluntary Dismissal</u>, which informs the Court that Plaintiff no longer wishes to pursue this lawsuit. Filing a Notice of Voluntary Dismissal would result in dismissal of the entire action.

If Plaintiff does not file an Amended Complaint or a Notice of Voluntary Dismissal, or if Plaintiff files an Amended Complaint that remains defective and the Court finds that any further amendment would be futile, the Court may recommend dismissal of Plaintiff's claims with prejudice.

DATED this 13th day of March, 2024 at Anchorage, Alaska.



*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

Order re Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

19

Case 3:23-cv-00185-SLG-KFR   Document 11   Filed 03/13/24   Page 19 of 19