David Paul Biesemeyer
7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com
Pro Se


RECEIVED
JUN 1 1 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

DAVID PAUL BIESEMEYER

    Plaintiff

v.

THE MUNICIPALITY OF
ANCHORAGE, ALASKA

    Defendant

Case No. 3:23-CV-00185 SLG KFR

JURY TRIAL DEMANDED

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S SECOND MOTION TO DISMISS

COMES NOW the Plaintiff, David Paul Biesemeyer, and files this response in opposition to Defendant Municipality of Anchorage's Second Motion to Dismiss the Plaintiff's Amended Complaint, said Motion being filed on May 24, 2024, and served on the Plaintiff by first class mail. Per the Court rules, the Plaintiff had 21 days to respond in opposition to the Motion, plus any days allowed for service by mail. This is the Plaintiff's Response in Opposition to that motion.

This Response in Opposition has been filed in under 21 days from the time that the Plaintiff was served with the motion for which this response is in opposition; it contains less than the maximum pages authorized for Responses in Opposition to Motions to Dismiss under Rule 12(b).

## INTRODUCTION

On March 13, 2024, the Court granted the Defendant's Motion to Dismiss the Plaintiff's original complaint in the instant action. The dismissal of the Plaintiff's original complaint was without prejudice and with leave to amend. As the Court had determined that the Plaintiff alleged facts sufficient to permit a reasonable inference that the tax foreclosure and subsequent sale of his property were not purely remedial and were disproportionate in relation to what he did to trigger these events, an actionable Eighth Amendment claim had been stated 'but-for' the statute of limitations issue that appeared to apply.

## THE SINGLE DEFICIENCY THAT NEEDED CURING PER THE COURT IN ORDER FOR THE PLAINTIFF TO STATE AN ACTIONABLE CLAIM

On page 16 of its Order of March 13, 2024, the Court instructed that if the Plaintiff successfully cured the statute of limitations issue, he will have stated a cognizable claim for violation of the Excessive Fines Clause. Whereupon leave to Amend was granted on page 18 of that same Order.

In conformance therewith, the Plaintiff prepared and filed his First Amended Complaint which corrected the deficiencies of the original in accordance with the Court's Order of March 13, 2024.

To assist in its preparation, the Plaintiff looked to the Order where the Court noted:

> " "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A complaint must provide "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'" "A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." However, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove" that the statute has not run. A court must liberally construe the filings of a

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

2

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 2 of 17

self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt." [ORDER on 1st MTD pgs 3-4]

"Although "statutes of limitations are affirmative defenses, not pleading requirements," a "claim may be dismissed as untimely pursuant to a [Rule] 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint." Whether a § 1983 claim is timely depends on a combination of state and federal law that determines (1) the length of the applicable limitations period, (2) the accrual date of the claim, and (3) whether the limitations period was tolled." [ORDER on 1st MTD pg 4]

"With respect to the first issue, Plaintiff asserts that the governing statute of limitations is set forth in either Alaska Statute 09.10.230 or Alaska Statute 09.10.100, both of which provide for a 10-year limitations period. Defendant, meanwhile, contends that the governing statute of limitations is set forth in Alaska Statute 09.10.070(a), which provides for a two-year limitations period. Defendant is correct. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions." In Alaska, AS 09.10.070(a) requires that a personal injury action be "commenced within two years of the accrual of the cause of action." [ORDER on 1st MTD pg 6]

After that bit of stage setting exposition, the Court went into the meat of what it would need to see in an amended complaint to sufficiently validate the actionability of the facts Plaintiff alleged:

"At the motion to dismiss stage, "[t]he sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine."
[ORDER on 1st MTD pg 8]

Footnote 57 of the Order was the most instructive part of the Court's roadmap for correctly pleading 'equitable' matters at this stage of the litigation as it provided the Plaintiff with the true measure of what it expected to see if the amended complaint was be accepted by the Court:

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

3

Case 3:23-cv-00185-SLG-KFR    Document 14    Filed 06/11/24    Page 3 of 17

> "FN 57 The Court nevertheless rejects Defendant's suggestion that
> elevated pleading standards govern Plaintiff's equitable tolling claim. Defendant
> relies on *Richardson v. Municipality of Anchorage*, 360 P.3d 79 (Alaska 2015), to
> support this notion. Doc. 4 at 5–6. There, the plaintiff moved for tolling under a
> statute that provides for tolling when a person is "incompetent by reason of
> mental illness or mental disability." *Richardson*, 360 P.3d at 87 (quoting AS
> 09.10.140(a)). The defendants' motions to dismiss were "effectively converted to
> motions for summary judgment," which required the plaintiff to set forth specific
> facts showing that he could produce evidence of an "inability to understand his
> legal rights," as required for tolling under the relevant statute. *Richardson*, 360
> P.3d at 88. *The distinct procedural posture in Richardson renders it inapposite for
> determining the applicable pleading standards in the present action, which are
> governed by federal law. Cf. Walker v. Pac. Maritime Ass'n*, No. C07-3100BZ,
> 2007 WL 4591672, at *2 (N.D. Cal. Dec. 28, 2007) *("[W]hile it is not clear that
> plaintiff will be able to make a sufficient showing* of mental incompetency *for the
> time period in question, construing his pleadings in the light most favorable to
> him, it . . . appear[s] that there might be some plausible basis for application of
> the equitable tolling doctrine in this pro se case."); Supermail Cargo, Inc. v.
> United States*, 68 F.3d 1204, 1207–08 (9th Cir. 1995) *("Reading the allegations
> in the complaint with the required liberality, we cannot say that [plaintiff] will be
> unable to establish that the* nine month *limitations period was tolled* up to the
> date that it learned of the [alleged injury].")." [ORDER on 1st MTD FN 57]
> (Emphasis Added)

Thus, in accordance with the Court's instructional roadmap, the Plaintiff prepared and filed his Amended Complaint.

## THE AMENDMENTS TO THE COMPLAINT PROVIDE A PLAUSIBLE BASIS FOR THE APPLICATION OF THE EQUITABLE TOLLING DOCTRINE, AS WELL AS THE DOCTRINES OF EQUITABLE ESTOPPEL & QUASI-ESTOPPEL, AND THEREFORE CURE THE PREVIOUS COMPLAINT'S SINGLE DEFICIENCY PREVENTING ACTIONABILITY

Because it was prepared in accordance with the instruction's contained within the Court's March 13, 2024, Order, the revised factual allegations presented in, and the additional supporting documents attached as exhibits to, the amended complaint were specifically intended to cure the statutes of limitations issue for purposes of surviving a motion to dismiss; they sufficiently provide

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

4

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 4 of 17

a plausible basis for the application of the equitable tolling doctrine, as well as the doctrines of equitable estoppel & quasi-estoppel, both of which would prevent the Defendant from availing itself to the limitations defense it would raise in order to escape liability for the Constitutional torts it has committed against the Plaintiff.

Under the doctrine of equitable estoppel, the facts and circumstances set out within the Amended Complaint also plausibly provide a basis for disallowing the Defendant to avail itself of a limitations period in this litigation. Those same facts and circumstances also support the application of the doctrine of quasi-estoppel, as it is understood in Alaskan jurisprudence, which similarly prevents the Defendant from availing itself of the limitations defense.

## THE DOCTRINE OF QUASI-ESTOPPEL

In preparing this Response, the Plaintiff discovered that Alaska also has something called Quasi-Estoppel, the elements of which are most certainly met by the factual, non conclusory assertions, arguments and inferences existing and contained within the Amended Complaint.

Because Plaintiff learned of Alaska's quasi-estoppel doctrine through an article in the 1998 Alaska Law Review entitled "*Blowing Hot And Cold On The Frozen Tundra: A Review Of Alaska's Quasi-Estoppel Doctrine*" while in the midst of writing this Response in Opposition, he was unable to include it as a part of the Amended Complaint that 'pre-argued' anticipated issues that could raised in a motion which sought to dismiss it.

Though not addressed by the Plaintiff as a theory in his Amended Complaint, ever since being made aware of the doctrine of quasi-estoppel, he has held the position that it, more so than any of the other 'equitable' doctrines available, is the one easiest to argue, and make a showing of, for purposes of plausibility where the Plaintiff receives all reasonable doubts resolved in his favor.

**Response in Opposition to Second Motion to Dismiss**
**Biesemeyer v. Municipality of Anchorage**
Case No. 3:23-CV-00185 - SLG - KFR

5

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 5 of 17

Quasi-estoppel is an equitable doctrine that, where applicable, prevents litigants from taking positions inconsistent with those they have previously asserted. *See Bromley v. Mitchell*, 902 P.2d 797, 802 (Alaska 1995); *In re Lampert*, 896 P.2d 214, 220 (Alaska 1995) also *Union Oil Co. of Calif. v. State,* 804 P.2d 62, 66 n.7 (Alaska 1990); *Sea Lion Corp. v. Air Logistics of Alaska*, 787 P.2d 109, 114 n.2 (Alaska 1990). *Also See Jamison v. Consolidated Utils., Inc.*, 576 P.2d 97, 102 (Alaska 1978) ("Among the many considerations which may indicate that . . . quasi-estoppel should be applied [is] whether the party asserting the inconsistent position has gained an advantage or produced some disadvantage through the first position."),

Noting that quasi-estoppel "springs from . . . [an] acceptance of benefits," the Alaska Supreme Court has stated: It is a long-established principle of equity that no person will be allowed to adopt that part of a transaction which is favorable to him, and reject the rest to the injury of those from whom he derived the benefit. It is a plain principle of justice, of right, and of law, that a man can not accept the benefits, and reject the burdens, of a transaction. *Dressel v. Weeks*, 779 P.2d 324, 332 (Alaska 1989) (citations and internal quotation marks omitted); *see also In re Davidson*, 947 F.2d 1294, 1297 (5th Cir. 1991) ("One form of estoppel, 'quasi estoppel,' forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects.").

In essence, the doctrine protects the integrity of the judicial process, *See Smith*, 791 P.2d at 356, 358, by preventing litigants from "blow[ing] both hot and cold", *Lampert*, 896 P.2d at 221 (quoting *Godoy v. County of Hawaii*, 354 P.2d 78, 82 (Haw. 1960)); cf. *Searfus v. Northern Gas Co.*, 472 P.2d 966, 970 n.13 (Alaska 1970), where the assertion of inconsistent positions would be unconscionable. *See Jamison*, 76 P.2d at 102 ("The essence of the doctrine of quasi estoppel is the existence of facts and circumstances making the assertion of an inconsistent position unconscionable."). "*Unconscionable*" generally is defined as grossly unfair, unjust, inequitable, oppressive, or unduly harsh. *See id.* at 102-03.

**Response in Opposition to Second Motion to Dismiss**
**Biesemeyer v. Municipality of Anchorage**
**Case No. 3:23-CV-00185 - SLG - KFR**

6

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 6 of 17

The doctrine of quasi-estoppel provides both practitioner and pro se with a tool to legitimately appeal to the conscience of the court. See *Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1330 (Alaska 1995). The Defendant's actions towards the Plaintiff in the matter have been unconscionable this entire time.

Therefore, onto his facts as stated, the Plaintiff attaches the Alaskan version of the quasi-estoppel doctrine, as it is understood at its most expansive, in addition to the doctrines of equitable tolling and equitable estoppel, into his arguments (Both of which are set out most comprehensively with citing authorities in the amended complaint itself, in pre-anticipation of the motion now before the court.)

The Court should take note of the doctrine's parameters and note how the facts and circumstances in this matter become even more shocking when considering the Amended Complaint's allegations and evidence which indicate that Plaintiff actually complied with the instructions he received for claiming the excess funds vis a vis the Municipality's subsequent non-compliance with requirements to forward those excess funds to the Unclaimed Property Division, which only arose when the Plaintiff was unable able to timely submit the address confirmation requested in a letter which, by its very existence, confirms Plaintiff properly claimed the excess.

The confirmation letter was also received 12 days after the expiration of the 15 day time period allowed by that same letter for the Plaintiff to either confirm his address or have the funds sent to the Unclaimed Property Division. The Defendant neither forwarded the excess to the Unclaimed Property Division on the 16th day after the date on the letter which acknowledged Plaintiff's claim and requested address confirmation, nor did the Defendant forward the excess to the Plaintiff after his address was confirmed. The exhibits attached to the Amended Complaint which speak to these matters speak for themselves in that regard.

What follows are highlights of the relevant exhibits to the Amended Complaint and explanations of how they interact to support the Plaintiff's claims.

**Response in Opposition to Second Motion to Dismiss**
**Biesemeyer v. Municipality of Anchorage**
Case No. 3:23-CV-00185 - SLG - KFR

7

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 7 of 17

### SPECIFIC SECTIONS FROM THE AMENDED COMPLAINT WHICH MAKE SHOWINGS RELEVANT TO THE ISSUES OF EQUITABLE TOLLING, EQUITABLE ESTOPPEL & QUASI-ESTOPPEL AS WELL AS THE DEFENDANT'S LIABILITY.

The First Amended Complaint that the Plaintiff submitted in compliance with the instructions of the Court in its March 23, 2024, Order, was filed in the Court's docket as Documents 12 through 12-25. Document 12 is the substantive body of the First Amended Complaint, built on the framework of the previous original complaint, but containing new and expanded sections which present facts that cure the deficiencies noted by the Court as they are relevant to addressing the equitable tolling of the limitations period, as facts designed to invoke the doctrines of equitable estoppel & quasi-estoppel, both of which would disallow the Defendant's use of the limitations period as a defense, are also presented.

Document 12-1 is a section entitled *"Exhibits to Amended Complaint Identified & Adopted with Commentary & Argument"* which sets out by description the identity, and in argument the importance, of the exhibits, Documents 12-2 thru 12-25. Document 12-1 is integral in tying the allegations made in the body of the amended complaint proper (Document 12) to the exhibits which have been attached to it in support of, or to establish a fact and provide a sound basis for certain material inferences.

Initially, reviewing the First Amended Complaint reveals that it is verified. (Document 12, Page 34) Moving on from that, paragraphs 29-107 of the Amended Complaint set out facts sufficient for a finding that the Plaintiff has successfully pleaded equitable tolling for purposes of the current procedural posture. These paragraphs are lengthy and specific; they refer to exhibits attached to the COmplaint which are also lengthy and specific.

Paragraphs 148 - 151 of Document 12 discusses the policy of removing fee simple non-mortgaged owners to replace with owners having a mortgage. The importance of this policy is

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

8

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 8 of 17

gone into detail as it goes to issues that may arise which have not otherwise been covered in the original complaint where the Court found that but for the issues with the statute of limitations, the Plaintiff has stated an Eighth Amendment claim against the Defendant.

Paragraph 154 of Document 12 incorporates the 'Summary of Exhibits', a misnomer for the "Exhibits to Amended Complaint Identified & Adopted with Commentary & Argument", located at Document 12-1, which is described as providing "evidence sufficient to support a finding of an unlawful scheme or practice designed to obfuscate the money trail and cover up [the Defendant's] actions."

Paragraphs 156-162 also state facts sufficient to indicate that the Defendant engaged in questionable actions to give the appearance that the Plaintiff did not comply with the process for claiming the excess funds when, in fact, he did comply to the best of his ability, and in light of the circumstances. These facts were more fully set out in specific sections of Document 12-1.

Examining Document 12-1, *Exhibits to Amended Complaint Identified & Adopted with Commentary & Argument*, the following sections set out relevant facts and conclusions relating to the applicability of, *inter alia*, the doctrines of Equitable Estoppel & Quasi-Estoppel:

Document 12-1 at 4.0, *et seq.*, has a description of Exhibit 4, Document 12-5, which is a letter dated April 29, 2015, notifying the Plaintiff of the sale surplus and the need for the Plaintiff to claim the same.

Document 12-1 at 4.1, *et seq.*, has a description of Exhibit 4.1, Document 12-6, which is the Plaintiff's acceptance in regards to the April 29, 2015, letter attached as Exhibit 4.0.

Document 12-1 at 5.0, *et seq.*, has a description of Exhibit 5.0, Document 12-8, which is a letter to the Plaintiff acknowledging that the excess funds referred to in Exhibit 4.0, have been properly claimed as his, but to receive the same he needs to confirm his address within 15 days of the date of the letter that is Exhibit 5.0, else the funds will be forwarded to the Unclaimed Property Division of the State of Alaska. From 5.0 to 5.0.18 there are material facts and averments

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

9

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 9 of 17

applicable to the issues of equitable tolling, equitable estoppel, & quasi estoppel. Specifically, note the 'accepted' stamp indicative of Document 12-8 being 'received' by the Plaintiff some 12 days after the 15 day period set out in it to respond had expired.

Document 12-1 at 5.2, *et seq.,* contains a description of Exhibit 5.2, Document 12-10, which is an acceptance issued in response to the address confirmation requested in Document 12-8, Exhibit 5.0. Set out in 5.2 - 5.2.11 are material facts and averments applicable to the issues of equitable tolling, equitable estoppel, & quasi estoppel. Specifically, note that Document 12-10, Exhibit 5.2, was mailed in response to Document 12-8 on June 15, 2015, the same day it was received by the Plaintiff - which was some 12 days after the 15 day period within Exhibit 5.0 had expired.

Document 12-1 at 5.3, *et seq.,* contains a description of Exhibit 5.3, Document 12-11, which itself shows that the Plaintiff sent a copy of Exhibit 5.2, Document 12-10, to the writer of both Exhibit 4.0, Document 12-5, & Exhibit 5.0, Document 12-8.

Document 12-1 at 5.4, *et seq.,* contains arguments based on reasonable inferences arising from the interplay of circumstances surrounding Exhibit 4.0 & 5.0 that the Plaintiff did successfully claim the excess funds, and thereby renders the Defendant's argument that the excess was forfeited because the Plaintiff failed to claim them invalid and inapplicable.

Document 12-1 at 5.4, *et seq.,* contains arguments based on reasonable inferences arising from the interplay of circumstances surrounding Exhibit 4.0 & 5.0 that it was the Municipality, not the Plaintiff, that failed to comply with the law regarding the disposition of excess funds, thereby trying to pull an 'okey-doke' to make it the Plaintiff's fault that he did not receive the funds.

Document 12-1 at 5.6, *et seq.,* contains a description of Exhibit 5.6, Document 12-11, which is the printout results of a search of property held for the Plaintiff in the Unclaimed Property Division as of August 23, 2023. These documents provide a basis for concluding that the excess

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

10

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 10 of 17

funds were not forwarded to the unclaimed property division, as per statute and the express language contained in Exhibit 5.0, Document 12- 8.

Document 12-1 at 13.0, *et seq.*, contains a description of Exhibit 13.0, Document 12-25, which is a printout of the types and amounts of the unclaimed property held for the Plaintiff in the Unclaimed Property Division as of April 3, 2024. These documents provide a basis for concluding that the excess funds were not forwarded to the unclaimed property division, as per statute and the express language contained in Exhibit 5.0, Document 12- 8.

As can be determined by referring to the above, in this pro se case, the Plaintiff's First Amended Complaint states a plausible basis for application of the equitable tolling doctrine when taken as a whole, and construing the facts and averments contained therein in the light most favorable to the Plaintiff, as well as the application of the doctrines of equitable estoppel & quasi estoppel, sufficient to at this time to deny the Defendant's motion.

As such, and pursuant to the Court's Order of March 13, 2024, the Plaintiff has met his burden to cure the only deficiency that would have prevented him from otherwise pursuing what the Court has already determined to be a sufficiently stated Eighth Amendment claim against the Defendant. Therefore, the Court should deny the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**Response in Opposition to Second Motion to Dismiss**
**Biesemeyer v. Municipality of Anchorage**
Case No. 3:23-CV-00185 - SLG - KFR

11

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 11 of 17

## THE GROUNDS STATED IN DEFENDANT'S MOTION TO DISMISS ARE MERITLESS WHERE THE PLAINTIFF HAS CURED THE SINGLE DEFICIENCY PREVIOUSLY IDENTIFIED BY THE COURT AS INSUFFICIENTLY PLEAD.

Because the sole issue here is whether the amended complaint, when liberally construed, adequately alleges facts showing the potential applicability of the equitable tolling doctrine (or the applicability of the doctrines of equitable estoppel and/or quasi-estoppel), the grounds urged by the Defendant as reasons to dismiss the Amended Complaint are necessarily insufficient.

Put another way, since the Plaintiff has met his burden in regards to showing the potential applicability of the equitable tolling doctrine (or the applicability of the doctrines of equitable estoppel and/or quasi-estoppel), the remainder of the grounds for dismissal urged by the Defendant are meritless.

This is because the only substantive changes to the original complaint were adding additional facts and averments that would go to the issues of either tolling or estoppel - whether equitable or quasi. Other than that, everything else remained the same, and where those facts were sufficient then to state a claim, (but for the tolling or estoppel issue), they are similarly sufficient here in the amended complaint to sustain those claims.

Nonetheless, the Defendant filed a second motion seeking dismissal of the Plaintiff's Amended Complaint on the following grounds: 1. Any Claims Are Time Barred, 2. No Liability Under Monell, 3. There Exists A Failure To Allege A Constitutional Violation, 4. There Was No Procedural Due Process Violation & 5. There Was Not An Actionable Eighth Amendment Claim Stated.

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

12

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 12 of 17

Each of these grounds, meritless though they be, are briefly addressed as follows:

### I.   The Plaintiff's Claims Are Time-Barred

**Defendant's Claim**: The Defendant argues that the Plaintiff's claims under 42 USC 1983 are barred by the statute of limitations, positing that no form of equitable tolling applicable under Alaska law can salvage the Plaintiff's case.

**Plaintiff's Response**: For the reasons set out hereinabove, this ground is totally without merit. The insufficiency of the plaintiff's original pleading was such that he was granted leave to amend to cure the deficiencies. The sole deficiency noted was a lack of allegations upon which to provide a plausible basis for the application of equitable tolling. By way of amendment, the Plaintiff not only has stated facts sufficient to plausibly support equitable tolling, he has also stated facts that would implicate the doctrines of equitable estoppel as well as quasi equity to disallow the Defendant to avail itself of a statute of limitations defense

### II.   Regarding Monell Liability

**Defendant's Misinterpretation**: The Defendant misconstrues the proximate cause of liability in the context of Monell liability.

**Plaintiff's Argument**: Liability stems not merely from the act of the sale but from the actionable processes and decisions detailed in the Plaintiff's First Amended Complaint. The Defendant's expectation of a good faith exception is unfounded, especially when considering its failure to comply with stated requirements for handling the proceeds of the sale after the Plaintiff filed a claim for the excess funds which was accepted.

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

13

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 13 of 17

If the Plaintiff's amended pleading is deficient in stating sufficient facts to withstand this assault, the proper remedy would be, as previously, granting leave to amend. However, this ground for dismissal was not found meritorious in the March 13, 2024, Order that gave leave to Amend; as such, it is inapplicable or any deficiency is otherwise cured by amendment of the original.

### III. Failed to Allege a Constitutional Violation

**Defendant's Assertion**: The Defendant contends that the Plaintiff has failed to present a constitutional violation within the claims.

**Plaintiff's Rebuttal**: The court has previously acknowledged the Plaintiff's Eighth Amendment claim. The First Amended Complaint, enhanced with additional material, thoroughly supports the Plaintiff's entitlement to equitable remedies against the limitations defense, and therefore cures the only deficiency to otherwise stating a claim that was recognized by the Court.

### IV. No Procedural Due Process Violation

**Defendant's Perspective**: The Defendant implies adherence to due process, barring the final steps of turnover to the unclaimed funds division.

**Plaintiff's Counterargument**: i. The Plaintiff engaged with the municipality's procedure as evidenced by the issuance and response to the 'confirm address' letter. ii. The failure of the municipality to forward the funds as required by law, despite the Plaintiff's compliance, constitutes a procedural due process violation. iii. Questions exist as to why a letter dated May 19, 2015, with a response required within 15 days of the date of the letter, was not received by the Plaintiff until June 15, 2015 - some 12 days after the final day allowed for responding, after which the excess funds were to be forwarded to Unclaimed Property Division but were not.

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

14

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 14 of 17

## V. Not an Actionable Eighth Amendment Claim

**Defendant's Argument:** The Defendant questions the actionability of the Plaintiff's Eighth Amendment claim regarding excessive fines.

**Plaintiff's Position:** The amended complaint details a valid Eighth Amendment excessive fines claim, highlighting the Plaintiff's legitimate claim on the excess funds and the municipality's subsequent mishandling of the process, which effectively subjected the Plaintiff to excessive fines and potentially cruel and unusual punishment.

## OVERALL CONCLUSION TO THIS RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff respectfully requests that the Court deny the Defendant's Second Motion to Dismiss, as the grounds presented by the Defendant fail to sufficiently challenge the viability and legality of the Plaintiff's claims outlined in the First Amended Complaint once the Plaintiff corrected the deficiencies noted by the Court in its March 13, 2024, Order which gave him leave to amend the original complaint.

Respectfully submitted, this 11th day of June, 2024

DAVID PAUL BIESEMEYER, Pro Se
Plaintiff above named

7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

15

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 15 of 17

**Response in Opposition to Second Motion to Dismiss**  
**Biesemeyer v. Municipality of Anchorage**  
**Case No. 3:23-CV-00185 - SLG - KFR**

16

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 16 of 17

## CERTIFICATE OF SERVICE

COMES NOW the undersigned who states that he has served the foregoing Response in Opposition to the Defendant's Second Motion to Dismiss on the Defendant by placing a copy of the same in the US mail, with adequate first class postage affixed thereto and addressed to:

Jason A. Thomas
Municipal Attorney's Office
PO Box 196650
Anchorage Alaska 99519-6650

As well as through the ECF filing system to the extent that opposing counsel receives notification upon the filing of pleadings in this matter.

This 11th day of June 2024

_____
DAVID PAUL BIESEMEYER, Pro Se
Plaintiff above named

7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com

Response in Opposition to Second Motion to Dismiss
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

17

Case 3:23-cv-00185-SLG-KFR   Document 14   Filed 06/11/24   Page 17 of 17