Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| David Paul Biesemeyer | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Municipality of Anchorage, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:23-cv-00185 SLG |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS

COMES NOW, the Defendant, the Municipality of Anchorage, by and through the undersigned, and enters its reply to the Plaintiff's Opposition to the Defendant's Motion to Dismiss.

EQUITABLE TOLLING DOES NOT SAVE THE PLAINTIFF'S CLAIMS

The Plaintiff has not plead plausible facts to support equitable tolling under Alaska law. Alaska courts had not adopted or rejected adding extraordinary circumstances to the

doctrine of equitable tolling. *Richardson v. Mun. of Anchorage*, 360 P.3d 79, 85 (Alaska 2015). In deciding if the Alaska Supreme Court would likely adopt such an expansion in this instance, the court should look to the very high bar for tolling in Richardson, "[t]he plaintiff must have been kept from the courts by legal barriers or by truly extraordinary events, like wars." *Richardson* ft. nt. 38. The plead facts, if accepted as true, plead nothing more than engaging with out-of-state counsel. This does not meet the high bar such as wars or legal barriers. The Plaintiff had full ability to seek in-state counsel to pursue his claims in state court before the statute of limitations had run.

But even if such tolling would be appropriate in this situation, the tolling is not long enough to save this case. The Plaintiff has produced zero correspondence from this alleged out-of-state lawyer but has stated that his relationship with this person ended in 2020 at the latest. This tolling, if allowed, does not toll the case long enough to allow his claims to survive because he waited later than two years from the end of 2020 to file his case. Thus, the two-year statute of limitations applicable in this case bars this action outright.

## THIS COURT SHOULD NOT CONSIDER QUASI-ESTOPPEL

Quasi-estoppel has no relation to this case or motion to dismiss. Quasi-estoppel precludes a party from taking a position inconsistent with one he has previously taken where circumstances render assertion of the second position unconscionable. *Jamison v. Consol. Utilities, Inc.,* 576 P.2d 97, 102 (Alaska 1978). "The essence of the doctrine of quasi-estoppel is the existence of facts and circumstances making the assertion of an inconsistent position unconscionable." *Id.* "The general elements required for the

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 2 of 5

Case 3:23-cv-00185-SLG-KFR   Document 15   Filed 06/18/24   Page 2 of 5

application of the doctrine of equitable estoppel are the assertion of a position by conduct or word, reasonable reliance thereon by another party, and resulting prejudice." *Id.* In *Jamison,* the court analyzed quasi-estoppel in a circumstance where a utility sought to deny retroactive benefits to employees after asserting the validity before the Alaska Public Utilities Commission. *Id* at 101.

No facts in the complaint plausibly describe the municipality changing any position relating to the procedure to claim surplus proceeds from a tax foreclosure sale, the litigable civil rights issue in this case. Therefore, this equitable remedy should be denied.

## ATTACHMENTS SHOW DEFENDANT FOLLOWED STATE LAW PROCEDURE

The attachments provided by the Plaintiff and incorporated into his opposition do not prove any viable claim for which relief can be granted. The collection of documents attached are frivolous filings, documents regarding a lawyer being disbarred, unclaimed property with the court system, including a case from 2000 (3AN-00-00987), that have nothing to do with this case or the Defendant, and most importantly, an easy-to-fill-out letter from the Defendant the Plaintiff to claim the proceeds from the sale of his property. [Doc 12-5].

Instead of filling out the form with his social security number and getting it notarized, he sent a frivolous document back and did not present a valid claim. [Doc. 12-6]. These documents do not prove that any constitutional violation occurred. Instead, he was given notice and did not submit a valid claim but instead sent frivolous filings back to the Defendant.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 3 of 5

Case 3:23-cv-00185-SLG-KFR   Document 15   Filed 06/18/24   Page 3 of 5

CONCLUSION

This is the second time the Plaintiff has been allowed to amend his complaint, and he has failed to state a claim upon which relief should be granted. Any third amendment would be futile in light of a lack of constitutional violation, statute of limitation bar, and lack of Monell liability. Therefore, this case should be dismissed with prejudice.

Respectfully submitted this 18th day of June, 2024.

ANNE R. HELZER
Municipal Attorney

By:  s/Jason A. Thomas
Jason A. Thomas
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 2005028

Certificate of Service
The undersigned hereby certifies that on 6/18/24, a
true and correct copy of the foregoing was served on:

David Biesemeyer
7650 E. Jim Cottrell
Palmer, AK 99645
davebiesemeyer@hotmail.com

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 4 of 5

Case 3:23-cv-00185-SLG-KFR   Document 15   Filed 06/18/24   Page 4 of 5

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s Jason A. Thomas _____
Municipal Attorney's Office

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 5 of 5

Case 3:23-cv-00185-SLG-KFR   Document 15   Filed 06/18/24   Page 5 of 5