# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID PAUL BIESEMEYER,

    Plaintiff,

    v.

THE MUNICIPALITY OF ANCHORAGE, ALASKA,

    Defendant.

Case No. 3:23-cv-00185-SLG-KFR

## REPORT AND RECOMMENDATION RE SECOND MOTION TO DISMISS

Before the Court is a Second Motion to Dismiss ("Motion") filed by Defendant the Municipality of Anchorage.[1] Plaintiff David Paul Biesemeyer, who represents himself in this matter, filed a Response opposing the Motion,[2] to which Defendant replied.[3] Oral argument on the Motion was not requested and was not necessary for the Court's report and recommendation. The Court finds that Plaintiff's claims remain time-barred even after amendment of his complaint and that further amendment would be futile. Therefore, the Court recommends that the Motion be **GRANTED** and that this action be **DISMISSED without leave to amend and with prejudice.**

## I. BACKGROUND

Plaintiff is the former owner of a parcel of real property located in Anchorage, Alaska.[4] Plaintiff lived on and paid taxes on this property for decades.[5] In 2012, however, Plaintiff attempted to protest Defendant's assessment of the property taxes he owed for that year, which

---

[1] Docket 13.
[2] Docket 14.
[3] Docket 15.
[4] Docket 12 at 22, ¶ 108. For the purposes of this report and recommendation, the Court assumes that all factual allegations in Plaintiff's Complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[5] Docket 12 at 22, ¶ 109.

totaled $7,607.76.[6] As part of this protest, Plaintiff refused to pay his property taxes; by the end of 2012, he still had not paid them.[7] Consequently, in March 2013, Defendant filed a petition in the Alaska Superior Court for a judgment and decree of foreclosure on Plaintiff's property.[8] In May 2013, the Superior Court granted the petition, and in November 2014, the Superior Court granted Defendant a clerk's deed on Plaintiff's property so that Defendant could sell the property.[9] After obtaining the clerk's deed, Defendant sold the property to a buyer for $243,235.29.[10] Defendant then kept the proceeds of the sale in excess of the property tax debt Plaintiff owed.[11] According to Plaintiff, the property had an assessed market value of over $500,000 at the time of the sale and he owned the property outright.[12]

In August 2023, Plaintiff filed a complaint for damages against Defendant, asserting three claims based on the above alleged facts. First, Plaintiff claimed that Defendant unlawfully took his property without just compensation, in violation of the Fifth Amendment, when Defendant foreclosed on and sold his home to satisfy his property tax debt without compensating him for the surplus equity in the property.[13] Second, Plaintiff claimed that Defendant deprived him of due process, in violation of the Fourteenth Amendment, by requiring him to "affirmatively make an effort to claim" the surplus value from the sale and by imposing "unreasonable and unnecessary" requirements to claim those funds.[14] And third, Plaintiff claimed that his loss of the surplus was an excessive fine, in violation of the Eighth Amendment.[15] Plaintiff also suggested that his complaint was timely because any applicable limitations period was tolled from 2014 to 2016, when he suffered an accident that "caused his

---

[6] *Id.* at 22–23, ¶¶ 110–12.
[7] *Id.* at 23, ¶ 113.
[8] *Id.* at 23, ¶ 114.
[9] *Id.* at 23, ¶¶ 115–16.
[10] *Id.* at 23–24, ¶¶ 117–19; *see also* Docket 12-5 at 2 (letter from Defendant indicating that sale was finalized on April 15, 2015).
[11] Docket 12 at 24, ¶ 122.
[12] *Id.* at 24, ¶¶ 120–21.
[13] Docket 1 at 6, 9, ¶¶ 23, 38.
[14] *Id.* at 12–14, ¶¶ 53–59.
[15] *Id.* at 11–12, ¶¶ 45–52.

R&R re Second Motion to Dismiss 2
*Biesemeyer v. Mun. of Anchorage*
Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 2 of 10

clinical death" and that required extensive rehabilitation and treatment.[16]

In October 2023, Defendant filed a motion to dismiss, arguing that the complaint failed to state a claim upon which relief could be granted.[17] Defendant maintained that dismissal was appropriate because Plaintiff's claims were untimely, even if the entire "period of disability" alleged in the complaint were equitably tolled, and because Plaintiff failed to allege any constitutional violation to support any of his three claims.[18] Plaintiff filed a response contesting each of these arguments.[19] With respect to the timeliness issue, Plaintiff insisted that his complaint had alleged his incapacity and that "[t]he evidence at trial could . . . show that [he] was incapacitated even longer than alleged in the complaint[.]"[20]

In March 2024, the Court issued an order granting Defendant's motion to dismiss.[21] The Court explained that Plaintiff's claims were untimely because: (1) the claims were governed by Alaska's two-year statute of limitations for personal injury actions,[22] which governs actions like Plaintiff's that are brought pursuant to 42 U.S.C. § 1983; (2) the claims appeared to have accrued in 2014 or 2015; and (3) the allegations in Plaintiff's complaint, even construed liberally, did not plausibly show that Plaintiff might be entitled to equitable tolling for the many years needed to render his claims timely.[23] Because the defects with the complaint were not necessarily uncurable,[24] the Court dismissed Plaintiff's claims with leave to amend.[25]

In May 2024, Plaintiff filed a First Amended Complaint in which he reasserts his Eighth

---

[16] *Id.* at 4, ¶ 11.
[17] Docket 4.
[18] *Id.* at 6–11.
[19] Docket 6.
[20] *Id.* at 3–4.
[21] Docket 11.
[22] AS 09.10.070(a).
[23] Docket 11 at 5–9. The Court noted that Alaska courts have neither accepted nor rejected "extraordinary circumstances"—such as Plaintiff's accident and subsequent incapacity—as a basis for equitable tolling. *Id.* at 9. As Plaintiff's claims were untimely even if extraordinary circumstances could provide a basis for equitable tolling, the Court declined to resolve this issue.
[24] In addition to ruling that Plaintiff's claims were time-barred on the face of the complaint, the Court concluded that two of Plaintiff's three claims were substantively flawed. Specifically, the Court determined that Plaintiff had failed to allege facts sufficient to state a Fifth or Fourteenth Amendment claim. *Id.* at 10–16.
[25] *Id.* at 16–18.

R&R re Second Motion to Dismiss 3
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR

and Fourteenth Amendment claims and alleges several new facts pertaining to the statute of limitations issue.[26] Plaintiff suggests that his claims should not be time-barred because: (1) he suffered a severe accident and ensuing coma during the tax foreclosure proceedings, though he "recovered . . . [and] returned to Alaska with the intention of paying the taxes due to avert foreclosure";[27] (2) he was "scam[med]" by two individuals who he retained to help him challenge the tax foreclosure, one of whom was a California attorney whose bar license may now be suspended.[28]

According to Plaintiff, these individuals failed to hold up their end of the bargain in resolving Plaintiff's property tax dispute with Defendant.[29] Plaintiff alleges that the individuals gained Plaintiff's trust by claiming that they were experts and that they had successful track records in similar cases involving property tax disputes.[30] Plaintiff alleges that the individuals exploited that trust by racking up legal fees while "fail[ing] to appropriately manage the [property's] tax matter."[31] Plaintiff alleges that soon after the property's sale in late 2014, the attorney assured him that he would "fil[e] for federal removal to contest [Defendant's] actions," which led Plaintiff to "delay [taking any] immediate action [himself]."[32] Plaintiff alleges that for nearly a year after the property's sale, he continued to send monthly payments to the pair "[d]espite growing evidence" that they were not working to advance Plaintiff's interests.[33] Plaintiff alleges that he then "received no communication" from either individual for two years, and that his relationship with the pair ended in 2019 or 2020.[34]

Defendant now moves to dismiss Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter

---

[26] Docket 12.
[27] *Id.* at 12–13, ¶ 56.
[28] *Id.* at 13, 15, ¶¶ 60, 70.
[29] *Id.* at 16–18, ¶¶ 74–83.
[30] *Id.* at 13–15, ¶¶ 62–64, 66–67, 69.
[31] *Id.* at 17, ¶ 80.
[32] *Id.* at 17, ¶ 81.
[33] *Id.* at 17–18, ¶¶ 82–83; *see also id.* at 18, ¶ 90 ("Plaintiff . . . upheld his commitments even in the fact of apparent deception by the duo.").
[34] *Id.* at 18, 20, ¶¶ 84, 98.

R&R re Second Motion to Dismiss                           4
*Biesemeyer v. Mun. of Anchorage*
Case 3:23-cv-00185-SLG-KFR  Document 16   Filed 08/07/24   Page 4 of 10

jurisdiction.[35]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for a complaint's "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] Courts "are not required to accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[37] A complaint must provide "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'"[38]

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."[39] However, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove" that the statute has not run.[40]

A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt.[41] Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[42]

//

//

---

[35] Docket 13; *see also* Fed. R. Civ. P. 12(b)(1), (b)(6).
[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[37] *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).
[38] *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (first citing *Twombly*, 550 U.S. at 570; and then quoting *Iqbal*, 556 U.S. at 679).
[39] *Seven Arts Filmed Entm't Ltd.*, 733 F.3d at 1254 (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)).
[40] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[41] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[42] *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

R&R re Second Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
5
Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 5 of 10

## III. DISCUSSION

Defendant maintains that dismissal is warranted because the First Amended Complaint makes clear that Plaintiff's claims are time-barred.[43] Defendant contends that this action was filed over eight years after the latest possible date on which Plaintiff's claims accrued, and that those claims would be untimely even if the limitations period were equitably tolled based on the conduct of the two individuals who misled Plaintiff.[44] Defendant explains that, by Plaintiff's own account, Plaintiff's relationship with the two individuals ended at the latest in 2020, yet Plaintiff waited until over two years later to file this action.[45]

Plaintiff responds that the First Amended Complaint's allegations are sufficient to plausibly show that his claims are timely because his delay in filing this action is subject to equitable tolling.[46] Alternatively, Plaintiff asserts, any untimeliness should be excused based on the doctrines of equitable estoppel or quasi-estoppel. Plaintiff suggests that Defendant should be estopped from using the statute of limitations to avoid liability because Defendant "engaged in questionable actions to give the appearance that . . . Plaintiff did not comply with the process for claiming the excess funds [from the tax foreclosure sale] when, in fact, he did comply to the best of his ability, and in light of the circumstances."[47]

The Court first finds that Plaintiff's claims are untimely, even if equitable tolling applied to the fullest extent possible based on the facts alleged in the First Amended Complaint. As the Court previously explained, Plaintiff's claims are subject to a two-year statute of limitations, with the limitations period for each claim beginning to run upon the accrual of that claim.[48] "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."[49] Here, Plaintiff's claims accrued in 2015 at the latest, after the time

---

[43] Docket 13 at 3–5.
[44] *Id.* at 4.
[45] *Id.* at 5; *see also* Docket 15 at 1–2.
[46] Docket 14 at 4–5.
[47] *Id.* at 9.
[48] Docket 11 at 6.
[49] *Fink v. Shedler*, 192 F.3 911, 914 (9th Cir. 1999) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

R&R re Second Motion to Dismiss  6
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 6 of 10

expired for Plaintiff to claim the surplus from the tax foreclosure sale.[50] Even assuming that the limitations periods for Plaintiff's claims could be tolled for the entirety of Plaintiff's relationship with the two individuals who agreed to help him with his property tax dispute,[51] and that tolling started as soon as Plaintiff's claims accrued, the First Amended Complaint offers no basis for tolling past Plaintiff's termination of the relationship in 2019 or 2020.[52] Even assuming that this termination occurred on the last day of 2020, Plaintiff did not commence the present action until August 2023, more than two years later.[53] Plaintiff's claims are thus untimely regardless of any equitable tolling that could be warranted on the facts alleged in the First Amended Complaint.

The Court next finds that Plaintiff has failed to allege facts showing that equitable estoppel could apply. Like equitable tolling, equitable estoppel can "serve to excuse an untimely filing."[54] But whereas equitable tolling "looks only to the [plaintiff's] circumstances,"

---

[50] *See* Docket 11 at 7.

[51] Although the Court does not decide whether equitable tolling based on extraordinary circumstances is available under Alaska law, the Court agrees with Defendant that even if it were available, the allegations in the First Amended Complaint would likely be insufficient to meet the "high standard required to toll claims under this doctrine." *See Richardson v. Mun. of Anchorage*, 360 P.3d 79, 89 (Alaska 2015); *see also id.* at 89 n.38 ("[F]or a claim to be tolled based on extraordinary circumstances, 'the plaintiff [must] have been kept from the courts by legal barriers or by truly extraordinary events, like wars.'" (quoting *Kaiser v. Umialik Ins.*, 108 P.3d 876, 882 (Alaska 2005))). Equitable tolling generally requires that the plaintiff have acted reasonably or with diligence in pursuing their claims. *See Solomon v. Interior Reg'l Housing Auth.*, 140 P.3d 882, 884 (Alaska 2006); *cf. also Iturribarria v. U.S. Immig. & Naturalization Serv.*, 321 F.3d 889, 897 (9th Cir. 2003) (stating that although equitable tolling of deadlines in immigration proceedings may be warranted "when a petitioner is prevented from filing because of deception, fraud, or error," the petitioner must have "act[ed] with due diligence in discovering the deception, fraud, or error"); *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (observing that to determine whether a petitioner in an immigration case exercised due diligence in alleging ineffective assistance of counsel as a basis for equitable tolling, courts consider when a reasonable person in the petitioner's position "would [have] suspect[ed] the specific fraud or error underlying [the petitioner's] motion to reopen," and whether the petitioner "took reasonable steps to investigate the [attorney's] suspected fraud or error" (quoting *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016)))). Plaintiff concedes that he kept working with the two individuals despite ample signs that they were not attempting to resolve Plaintiff's tax dispute in good faith. *See, e.g.*, Docket 12 at 15–, ¶¶ 73, 75–78, 81–84, 90 ("Plaintiff . . . upheld his [financial] commitments even in the face of apparent deception by the duo."). These facts suggest that, at the very least, equitable tolling of the entire period of Plaintiff's relationship with the two individuals would not be appropriate here.

[52] Docket 12 at 20, ¶ 98.

[53] *See* Docket 1.

[54] *Kaiser*, 108 P.3d at 880.

R&R re Second Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
3:23-cv-00185-SLG-KFR
7

Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 7 of 10

equitable estoppel "turns on wrongdoing by the party invoking the statute of limitations[.]"[55] A defendant is equitably estopped from invoking a statute of limitations "[w]hen [the] defendant's wrongful conduct lulls a plaintiff into inaction or otherwise induces him to delay filing a claim until the limitation period has run[.]"[56] To establish grounds for equitable estoppel, therefore, the plaintiff must plead "that he . . . relied on the defendant's fraud by either consciously relying on an affirmative misrepresentation, or failing to discover fraudulently concealed evidence."[57]

Here, Plaintiff alleges that Defendant did not give Plaintiff a real opportunity to claim the surplus from the tax foreclosure sale and instead created a false impression that Plaintiff failed to comply with the procedures required.[58] However, these allegations pertain only to the merits of Plaintiff's due process claim; they are not relevant to Plaintiff's delay in bringing that or any other claim. Thus, equitable estoppel does not preclude Defendant from raising a statute of limitations defense in this case.

The Court similarly finds that Plaintiff has failed to allege facts indicating that quasi-estoppel could apply. Quasi-estoppel "preclud[es] a party from taking a position so inconsistent with one [it] has previously taken that circumstances render assertion of the second position unconscionable."[59] Plaintiff asserts that Defendant should be precluded from arguing in this litigation that Plaintiff forfeited his right to the surplus from the tax foreclosure sale due to a failure to claim those funds.[60] But, even assuming that Defendant has taken an inconsistent position in this regard, such a position has no bearing on the separate, threshold issue of the timeliness of Plaintiff's claims. Therefore, quasi-estoppel does not preclude Defendant from raising its statute of limitations arguments in this case.

---

[55] *Kaiser*, 108 P.3d at 880 (citing *Abbott v. State*, 979 P.2d 994, 997–98 (Alaska 1999); *Fred Meyer, Inc. v. Bailey*, 100 P.3d 881, 886 (Alaska 2004), *overruled on other grounds by Buntin v. Schlumberger Tech. Corp.*, 487 P.3d 595 (Alaska 2021)).
[56] *Id.* (internal quotation marks, alterations, and citation omitted).
[57] *Id.* (internal quotation marks and citation omitted).
[58] *See* Docket 12 at 30–31, ¶¶ 156–62.
[59] *Rockstad v. Erikson*, 113 P.3d 1215, 1223 (Alaska 2005).
[60] Docket 14 at 8–11.

R&R re Second Motion to Dismiss
*Biesemeyer v. Mun. of Anchorage*
Case No. 3:23-cv-00185-SLG-KFR
8

Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 8 of 10

In sum, the Court concludes that Plaintiff's claims are untimely and that no equitable doctrine excuses this untimeliness.[61] The Court additionally finds that dismissal of Plaintiff's claims without leave to amend is appropriate because further amendment would be futile. "[A] district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'"[62] In dismissing Plaintiff's initial complaint, the Court held that the complaint's allegations did not plausibly demonstrate that Plaintiff could be entitled to equitable tolling for the entire, multi-year period needed for his claims to be timely.[63] The Court informed Plaintiff that the untimeliness of his claims was a critical deficiency with his complaint, and that for his claims to proceed, it was necessary for any amended complaint to contain facts curing this issue.[64] Plaintiff included numerous new allegations in the First Amended Complaint pertaining to the timeliness of his claims, indicating that he understood the Court's clear instructions. Yet, even assuming the truth of all of Plaintiff's new allegations, his claims remain time-barred. Plaintiff's failure to correct the deficiencies in the First Amended Complaint is "a strong indication that [he] ha[s] no additional facts to plead," making further amendment futile.[65] Therefore, the Court recommends dismissal without leave to amend.[66]

//

//

---

[61] Because the Court resolves the Motion on this procedural ground, it declines to address Defendant's alternative arguments that Plaintiff's claims should be dismissed because: (1) the challenged procedures underlying the tax foreclosure sale were not undertaken pursuant to a municipal policy, as is required for a municipality to be liable under § 1983 for a federal constitutional violation; and (2) Defendant did not deprive Plaintiff of any federal constitutional right. *See* Docket 13 at 5–13.

[62] *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

[63] Docket 11 at 9.

[64] *Id.* at 9, 17.

[65] *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (determining that plaintiff's failure to correct deficiencies with claims after being given opportunity to amend complaint was a "strong indication" that plaintiff had "no additional facts to plead").

[66] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (holding that denial of leave to amend was not an abuse of discretion where plaintiffs could not cure the "basic flaw" in their pleading).

R&R re Second Motion to Dismiss  9
*Biesemeyer v. Mun. of Anchorage*
Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 9 of 10

## IV. CONCLUSION

The Court finds that Plaintiff's claims are barred by Alaska's two-year statute of limitations applicable to actions brought under 42 U.S.C. § 1983, and that further amendment of the complaint would be futile. Accordingly, the Court recommends that Plaintiff's claims be **DISMISSED without leave to amend and with prejudice.**

DATED this 6th day of August, 2024, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[67] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[68]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[69] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[70]

---

[67] 28 U.S.C. § 636(b)(1)(B).
[68] *Id.* § 636(b)(1)(C).
[69] *Id.*
[70] *See* H*illiard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Second Motion to Dismiss 10
*Biesemeyer v. Mun. of Anchorage*
Case 3:23-cv-00185-SLG-KFR   Document 16   Filed 08/07/24   Page 10 of 10