David Paul Biesemeyer
7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com
Pro Se


AUG 15 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

DAVID PAUL BIESEMEYER

    Plaintiff

v.

THE MUNICIPALITY OF
ANCHORAGE, ALASKA

    Defendant

Case No. 3:23-CV-00185 SLG KFR

JURY TRIAL DEMANDED

### PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION

*Apparently equity no longer abhors a forfeiture, it now likes it. Down is the new up.*

The Plaintiff respectfully urges this Court to reject the Magistrate's Report and Recommendation dated August 6, 2024.[1] This plea is not merely a retracing of familiar terrain but an appeal to recognize the broader judicial and societal implications at play.[2]

---

[1] This Objection has been filed within 14 days of the date on the Report & Recommendation, the last date being August, 20, 2024.
[2] Plaintiff is specifically attempting to avoid a rehash of the arguments and citations to authority previously addressed and made in response to the Defendant's Motion. Plaintiff specifically objects to the Magistrate's Report because Plaintiff has sufficiently alleged facts that would support tolling the limitations period or estopping the Defendant from relying upon it. The Amended Complaint speaks for itself.

The Report and Recommendation in this case is marred by the shadow of a former district judge's fall from grace; it is a complication that resonates across all of the Court's deliberations across the spectrum of its cases. There are a lot more cases for a lot fewer people to handle. As a result, cases have certain priorities with regards to being dealt with - starting with the criminal cases and on through civil matters like habeas corpus, government and tax issues, & other perceived 'serious litigation'.

In such instances of overload, it is understandable that a pro se 'tax protester' would not make the cut or the grade. But dismissing the case because of administrative needs does a disservice to someone with a legitimate grievance and where it is within the Court's discretion.

This case stands out; it is not just another Pro Se filing that rambles on with no discernible cause of action being stated. This case does state a claim - but it is a claim that the Report and Recommendation suggests is barred by the limitation period.

Plaintiff, on the other hand, suggests that the Court has the discretion, on the facts alleged in the Amended Complaint, to find that the Defendant is estopped from relying on the limitations period in this instance. Such a finding is within this Court's power; especially where, as here, we have had an admitted taking by the Municipality of Anchorage. (The municipality relies solely on the limitations period.)

Under ordinary circumstances, a non-governmental entity would contend with a 10-year statute of limitations in a matter concerning real estate, such as this one[3].

---

[3] As alleged in the original Complaint and restated in the amended Complaint.

**Objection to Report and Recommendation**
**Biesemeyer v. Municipality of Anchorage**
**Case No. 3:23-CV-00185 - SLG - KFR**

2

Case 3:23-cv-00185-SLG-KFR   Document 17   Filed 08/15/24   Page 2 of 5

Therefore, it is only the Municipality's status which gives it a colorable claim to a two year statute of limitations.

Similarly, had the Municipality forwarded the funds to the State's Unclaimed Property Division, as per the correspondence that was sent in response to his filing a claim on the funds, they would have been within the Plaintiff's reach for a decade, via the Unclaimed Funds Division of the State of Alaska. The evidence presented in the Amended Complaint supports that the funds would have also been available to claim after 10+ years.

The Court is also reminded that this case is more than a mere procedural contest; it reflects on the Defendant's acknowledged misdeed and the Plaintiff's plausible entitlement to remediation through equitable tolling, judicial estoppel, and quasi-estoppel, especially given the unique circumstances surrounding this matter.

Denying the Defendant's motion not only furnishes a measure of justice for the Plaintiff, but symbolically reaffirms the Court's stance against the misapplication of limitations to shield wrongful actions.

Moreover, the Plaintiff has meticulously adhered to the Magistrate's guidelines, detailing not only the legal failures but also the extraordinary circumstances and the Municipality's egregious conduct. This complaint, when viewed in the most favorable light, meets the plausibility standard necessary for advancing a claim.

Objection to Report and Recommendation
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

3

Case 3:23-cv-00185-SLG-KFR   Document 17   Filed 08/15/24   Page 3 of 5

Beyond the legal intricacies, this case unfolds against a backdrop of dwindling public trust in governmental and judicial institutions—a sentiment exacerbated by recent developments. Granting the Plaintiff's claim offers this Court an invaluable opportunity to begin mending this trust. Dismissing this case, on the other hand, would not only perpetuate a grave injustice, but it could further dampen faith in our judiciary.

Thus, in the interest of justice and in recognition of the broader implications of this decision, the Court is implored to deny the Defendant's motion. This act would not merely address a singular grievance but signal a commitment to accountability and justice, irrespective of the defendant's governmental status.

For these reasons, as well as those reasons previously argued in the instant matter, the Plaintiff moves the Court to not follow the Report and Recommendation, but to find that the Plaintiff has stated a claim upon which relief can be granted and that the Defendant, at the very least, is estopped at this point from relying on the limitations defense.

Respectfully submitted, this ___15th___ day of AUGUST, 2024

*David Paul Biesemeyer*
DAVID PAUL BIESEMEYER, Pro Se
Plaintiff above named

7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com

Objection to Report and Recommendation
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

4

Case 3:23-cv-00185-SLG-KFR   Document 17   Filed 08/15/24   Page 4 of 5

## CERTIFICATE OF SERVICE

COMES NOW the undersigned who states that he has served the foregoing OBJECTION TO THE REPORT AND RECOMMENDATION on the Defendant by placing a copy of the same in the US mail, with adequate first class postage affixed thereto and addressed to:

Jason A. Thomas
Municipal Attorney's Office
PO Box 196650
Anchorage Alaska 99519-6650

As well as through the ECF filing system to the extent that opposing counsel receives notification upon the filing of pleadings in this matter.

This 15th day of AUGUST 2024

_____
DAVID PAUL BIESEMEYER, Pro Se
Plaintiff above named

7650 E. Jim Cottrell
Palmer, AK 99645
907 982 2328
davebiesemeyer@hotmail.com

Objection to Report and Recommendation
Biesemeyer v. Municipality of Anchorage
Case No. 3:23-CV-00185 - SLG - KFR

5

Case 3:23-cv-00185-SLG-KFR   Document 17   Filed 08/15/24   Page 5 of 5