Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| David Paul Biesemeyer | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Municipality of Anchorage, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:23-cv-00185 SLG |

### REPLY TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Municipality of Anchorage hereby replies to the Plaintiff's objections to the magistrate's report and recommendation. The magistrate judge has fully and correctly evaluated the Plaintiff's plead facts and applied the applicable law. The magistrate judge recommended this court dismiss this case without leave to amend and with prejudice. This honorable court should adopt the magistrate judge's recommendation and dismiss this case with prejudice and enter judgment in favor of the Defendant.

## PROCEDURAL HISTORY

This case was previously dismissed for failure to state a claim upon which relief can be granted with leave to amend. [Docket 11]. The court found the applicable statute of limitation bars all claims. [*Id* at 4-9]. Additionally, the court found the Plaintiff failed to allege a takings or due process violation in his complaint. [*Id* 10-15]. This honorable court assigned this case to Magistrate Jude Reardon for all pretrial proceedings and dispositive recommendation. [Docket 10] The Plaintiff amended his complaint. [Docket 12]. Defendant claims that statute of limitation is the only issue argued by the Defendant. [Docket 17 at 2]. This is untrue. Throughout the Defendant's motion to dismiss and reply, the merits of due process, takings, subject matter jurisdiction claims are argued in addition to a statute of limitation bar. [Dockets 13 and 15]. However, the magistrate recommended the court dismiss the case with prejudice without leave to amend based on the statute of limitation bar alone, such recommendation not reaching a recommendation on the merits of the claims. [Docket 16]. As stated below, this recommendation is a proper disposition.

## STANDARD OF REVIEW

This case was referred to Magistrate Judge Reardon, and the report and recommendation was issued pursuant to Fed. R. Civ. P. Rule 72(b). The district court shall do a *de novo* review of any portion of the report and recommendation to which a proper timely objection has been made. 28 U.S.C. § 636(b)(1)(C) *see also CPC Pat. Techs. Pty Ltd. V. Apple, Inc.,* 34 F.4th 801, 804 (9th Cir. 2022).

## REPORT AND RECOMMENDATION'S FACTUAL ANALYSIS

REPLY TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 2 of 4

Case 3:23-cv-00185-SLG-KFR   Document 18   Filed 08/28/24   Page 2 of 4

The court fully analyzed the Plaintiff's factual allegations in his complaint. In his complaint, the Plaintiff alleges he was working with a person who would act on his behalf regarding the recovery of surplus funds, but that person never took any action. Even treating such information as true, any allegation of relying on such a person's work ended at the latest in 2020. The magistrate fully analyzed these claims and treated these alleged facts as true. [Docket 16 ft. 4 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007))] Treating alleged facts as true for the purposes of a motion to dismiss in this instance is the correct standard to analyze the Plaintiff's factual allegations.

## REPORT AND RECOMMENDATION'S LEGAL ANALYSIS

The court correctly applied the statute of limitations applicable to the Plaintiff's civil rights action. For 42 U.S.C. 1983 actions, the Alaska two-year statute of limitations, A.S. 09.10.070(a) for personal injury applies. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The Plaintiff plead equitable tolling as a defense to the statute of limitation bar. Even if equitable tolling would apply, of which the Defendant argues it does not, the Plaintiff failed to plead facts that would toll the running of the statute of limitations to within two years of his filing this civil rights action.

## CONCLUSION

The magistrate judge correctly analyzed the record proper in analyzing the statute of limitation's bar to the Plaintiff bringing this action. When taking the facts alleged by the Plaintiff as true, the Plaintiff failed to allege a cause of action that would not be barred by the statute of limitation, even if equitable relief as plead by the Plaintiff applied. Considering the Plaintiff has amended his complaint after this court previously

REPLY TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 3 of 4

Case 3:23-cv-00185-SLG-KFR   Document 18   Filed 08/28/24   Page 3 of 4

dismissed his case for failure to state a claim for which relief can be granted, the court should adopt the magistrate's recommendation of dismissal without leave to amend and with prejudice.

Respectfully submitted this 28th day of August, 2024.

> EVA GARDNER
> Municipal Attorney
>
> By:   s/Jason A. Thomas
>         Jason A. Thomas
>         Municipal Attorney's Office
>         P.O. Box 196650
>         Anchorage, Alaska 99519-6650
>         Phone: (907) 343-4545
>         Fax: (907) 343-4550
>         E-mail: uslit@muni.org
>         Alaska Bar No. 2005028

Certificate of Service
The undersigned hereby certifies that on 8/28/24, a
true and correct copy of the foregoing was served on:

David Biesemeyer
7650 E. Jim Cottrell
Palmer, AK  99645
davebiesemeyer@hotmail.com

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

/s *Jason A. Thomas*
Municipal Attorney's Office

REPLY TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
*Biesemeyer, David v MOA*; Case No. 3:23-cv-00185 SLG
Page 4 of 4

Case 3:23-cv-00185-SLG-KFR   Document 18   Filed 08/28/24   Page 4 of 4