# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DAVID PAUL BIESEMEYER,

        Plaintiff,

    v.

THE MUNICIPALITY OF
ANCHORAGE, ALASKA,

        Defendant.

Case No. 3:23-cv-00185-SLG-KFR

## ORDER DISMISSING ACTION

Before the Court at Docket 13 is Defendant's Second Motion to Dismiss. Plaintiff responded in opposition at Docket 14 to which Plaintiff Defendant replied at Docket 15. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 16, Judge Reardon issued his Report and Recommendation, in which he recommended that the motion be granted and that this action be dismissed without leave to amend and with prejudice. Plaintiff filed objections to the Report and Recommendation at Docket 17 to which Defendant replied at Docket 18.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court grant the Motion to Dismiss and that this action be dismissed without leave to amend and with prejudice. The Court has reviewed de novo the motion, opposition, and reply, along with the Report and Recommendation, Plaintiff's objection, and Defendant's Reply.

Plaintiff first expresses concern in his objection that the Court may dismiss the case simply because of work overload. Although the undersigned judge's workload has substantial increased in the past two months, the Court has endeavored to continue to fully and fairly adjudicate each dispute, including this case. Second, while Plaintiff urges the Court to allow this case to proceed, the Court agrees with the Magistrate Judge that "Plaintiff's claims are untimely, even if equitable tolling applied to the fullest extent possible based on the facts alleged in the First Amended Complaint."[4] Accordingly, the Court adopts the Report and

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 16 at 6.

Recommendation in its entirety, and IT IS ORDERED that the Second Motion to Dismiss at Docket 13 is GRANTED. This action is DISMISSED without leave to amend and with prejudice.    The Clerk of Court shall enter a final judgment accordingly.

DATED this 11th day of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE