**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID PAUL BIESEMEYER, | No. 24-5670 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00185-SLG-KFR |
| v. | |
| MUNICIPALITY OF ANCHORAGE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted December 17, 2025**

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

David Paul Biesemeyer appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations stemming

from a foreclosure sale.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040, 1045 (9th Cir. 2011) (dismissing claims under Rule 12(b)(6) based on the statute of limitations).  We affirm.

The district court properly dismissed Biesemeyer's action because Biesemeyer filed his complaint outside the two-year statute of limitations and failed to allege facts showing that he was entitled to equitable tolling, equitable estoppel, or quasi-estoppel.  *See Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048, 1051-52 (9th Cir. 2008) (explaining that federal courts apply the forum state's statute of limitations in § 1983 actions, and applying state law to questions of equitable tolling and equitable estoppel); *DeNardo v. Murphy*, 781 F.2d 1345, 1347 (9th Cir. 1986) (stating that the applicable limitations period in Alaska is two years); *Kaiser v. Umialik Ins.*, 108 P.3d 876, 880-82 (Alaska 2005) (setting forth requirements for equitable tolling and equitable estoppel under Alaska law); *Rockstad v. Erikson*, 113 P.3d 1215, 1223 (Alaska 2005) (setting forth requirements for quasi-estoppel under Alaska law).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile.  *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that denial of leave to amend is proper where amendment would be futile).

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**